[Crim. No. 2600.   Third Dist.   June 24, 1955.]

THE PEOPLE, Respondent, v. GEORGE L. JOHNSON, JR., Appellant.

Treadwell & Kane and Thomas J. Kane, Jr., for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and F. G. Girard, Deputy Attorneys General, for Respondent.

FINLEY, J. pro tem.*—Defendant has appealed from an order of the trial court denying an application he made therein under the provisions of section 1203.4 of the Penal Code.

On September 6, 1950, an information was filed in the Superior Court for Merced County charging defendant with a violation of section 501 of the California Vehicle Code, a felony. Defendant pleaded not guilty, and after trial before the court sitting without a jury, he was found guilty as charged. Application for probation was made and granted. After his probationary period had expired, defendant, on October 7, 1954, petitioned the court for an order under

---

*Assigned by Chairman of Judicial Council.

the provisions of section 1203.4 of the Penal Code. In the petition he alleged that he had successfully completed his probationary period on January 2, 1954, and prayed that the information and finding of guilt by the trial court be set aside. A hearing on the petition was held, at which time the trial court, over defendant's objection, admitted and considered evidence concerning a subsequent violation by defendant of the provisions of section 501 of the Vehicle Code occurring on August 12, 1954. Defendant offered no opposing evidence but did offer evidence, which was not refuted, that he had successfully completed his term of probation on January 2, 1954, some seven months prior to the August 12, 1954, violation.

Two questions are presented for determination herein. The first: Under the provisions of section 1237 of the Penal Code and the circumstances of this case, is the order granting probation to be deemed a final judgment so that, under subdivision 3 of the section, an appeal would lie from the order denying defendant's petition to have the information and finding of guilt set aside as being an "order made after judgment, affecting the substantial rights" of appellant? The second question: At the hearing on defendant's petition, did the trial court, in passing upon the petition, properly admit and consider evidence of a law violation occurring subsequent to the successful termination of the probationary period which, had it occurred within that period, would have constituted a violation?

With reference to the first question, respondent argues that since an order revoking probation has been held not to be an appealable order prior to the pronouncement of judgment (*People* v. *Robinson*, 43 Cal.2d 143 [271 P.2d 872]), so should an order denying a defendant's application under the provisions of Penal Code, section 1203.4, following an order granting probation, be non-appealable. The circumstances and reasoning are, however, quite different. ■ The purpose of revoking probation is so that judgment and sentence may be pronounced. An appeal then lies from the judgment whereupon the validity of all orders made prior to judgment becomes reviewable by the appellate court. (*People* v. *Boyce*, 99 Cal.App.2d 439 [221 P.2d 1011].) ■ But if the probationary period expires without revocation, there can then be no formal judgment, and the order granting probation under the provisions of Penal Code, section 1237, must be considered as the final judgment insofar as any order

made thereafter "affecting the substantial rights of the party" are concerned. (*People* v. *McCree*, 128 Cal.App.2d 196 [275 P.2d 95]; *People* v. *Camargo*, 130 Cal.App.2d 543 [279 P.2d 184].) In the present case it appears from the record that after granting probation the trial court thereupon immediately went further and pronounced formal judgment of conviction. That point is not raised by either party on this appeal, however, so we shall consider it no further.

As to the second point raised by appellant, we are satisfied that it is well taken, and that for the purpose of passing upon appellent's petition the trial court improperly admitted and considered evidence of a criminal episode involving defendant, which took place some seven months after his probationary period had expired. The granting of probation, aside from being an act of clemency extended to one who has committed a crime, is also in substance and effect a bargain made by the People, through their Legislature and courts, with the malefactor. The Penal Code, sections 1203 et seq., dealing with the subject of probation, provide in effect that in granting probation the People of the State, speaking through their courts, may say to one who has committed a crime, "If you will comply with these requirements you shall be entitled to this reward." The purpose and hope are, of course, that through this act of clemency, the probationer may become reinstated as a law-abiding member of society. Removal of the blemish of a criminal record is the reward held out through the provisions of Penal Code, section 1203.4, as an additional inducement. The obvious purpose is to secure law compliance through an attempt at helpful cooperation rather than by coercion or punishment. The law does not require positive proof of total and permanent reformation or rehabilitation as a condition to surrender of the right to impose judgment and sentence, for there could be no such proof. Neither *People* v. *Majado*, 22 Cal.App.2d 323 [70 P.2d 1015], nor *In re Phillips*, 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644], cases cited by respondent, lays down any such requirement. The theory seems to be that if one with a reasonably satisfactory background commits a crime, the experience of apprehension and processing through court, together with the restrictions imposed through probation upon unlawful or intemperate conduct, may effect a greater degree of reformation than jail or prison confinement, and a showing that the terms of probation have been com-

plied with would support a hope, at least, that reformation had been accomplished. At any rate the statute requires no further proof thereof. No provision of the law has been brought to our attention, other than that contained in Penal Code, section 1203.4, which authorizes retroactive punishment for wrongdoing subsequent to the expiration of the probationary period. ■ The withholding of a privilege not amounting to a constitutionally guaranteed right does not constitute punishment in the sense that it is a penalty exacted by society for the commission of a crime. (*In re Phillips, supra.*)

■ It is true that the word "shall" when appearing in a statute is not necessarily mandatory, and may be construed as directory or permissive, depending upon the intent of the Legislature. (*Cake* v. *City of Los Angeles,* 164 Cal. 705 [130 P. 723]; *Estate of Mitchell,* 20 Cal.2d 48 [123 P.2d 503]; *Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 [203 P.2d 758].) ■ But it is also true that "When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted." (*People* v. *Valentine,* 28 Cal.2d 121, 143 [169 P.2d 1, 167 A.L.R. 675]; *Downing* v. *Municipal Court,* 88 Cal.App.2d 345, 349 [198 P.2d 923].)

■ It is our interpretation of Penal Code, section 1203.4, that the word "shall" as used therein was intended by the Legislature to be mandatory, and if, upon the evidence and the record, a court finds that the defendant (to use the exact language of the section) "has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof," said defendant is entitled as a matter of right to the benefits prescribed in said section. It was apparently intended that where a defendant has performed the requirements laid down in terms of probation the court should have no discretion but to carry out its part of the bargain with said defendant, even though it might appear at the time of application for said benefits that complete and permanent reformation or rehabilitation has not been accomplished.

Inasmuch as here defendant's probationary period had expired prior to the filing of his petition for the benefits made available under Penal Code, section 1203.4, and in view of the lack of any evidence that he had not fulfilled the require-

ments demanded thereunder, the defendant is entitled to have his petition granted.

The order appealed from is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 20, 1955.