## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 3333.   Nov. 23, 1955.]

THE PEOPLE, Respondent, v. JACK IGNAZIO, Appellant.

Cantillon & Cantillon for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

SWAIN, J.—This is an appeal from an order of June 29, 1955, denying defendant's motion under Penal Code, section 1203.4, to set aside the verdict of guilty and dismiss the accusations. The notice of appeal is from an order "dismissing" the defendant's said motion. The minute order shows the motion was "denied" not "dismissed" but we shall disregard this misstatement in the notice.

The defendant was convicted of violating section 41.07 of Ordinance 77000 (resorting) of the city of Los Angeles, and of section 647, subdivision 5, of the Penal Code. He was granted probation on condition (a) that he serve 30 days in the county jail, and (b) that he commit no similar offense and be a law-abiding citizen. The term of his probation was three years. This probationary period expired without any charge being filed that he had violated the terms of his probation. Thereafter he moved to set aside the verdicts of guilty, enter a plea of not guilty, and dismiss the accusations as provided in Penal Code, section 1203.4. The appellant, relying on *People* v. *Johnson* (1955), 134 Cal.App.2d 140 [285 P.2d 74], claims that he is entitled to such an order as a matter of right. We do not agree, for he has not brought himself within the requirements of that case.

The notice of motion did not state any grounds for the motion as required by rule 49 of the Los Angeles Municipal Court (p. 15, Rules of the Municipal Courts, County of Los Angeles), which reads in part: "Whenever notice of a motion is given, the notice shall specify the grounds of the motion . . ." The importance of this omission is that Penal Code, section 1203.4, entitles a defendant to a dismissal only if he has "fulfilled the conditions of his probation." One of the conditions of his probation was "Defendant to commit no similar offense and be a law abiding citizen." In his notice of motion, the defendant did not state that he had "fulfilled the conditions of his probation." The rule in question was not waived; in fact, the court stated, "Let the record show the motion is denied solely upon the ground that the defendant has not stated any grounds for his motion."

Even more important is the fact that the defendant did not offer any evidence that he had fulfilled the conditions of his probation. While the record shows that no claim of violation of probation was filed against him during his probationary period, yet that is a very different thing from a showing that he had committed no violation.

The defendant was the moving party, and the burden of proving that he had fulfilled the conditions of his probation

was upon him. Code of Civil Procedure, section 1869, provides: "Each party must prove his own affirmative allegations. Evidence need not be given in support of a negative allegation, except when such negative allegation is an essential part of the statement of the right or title on which the cause of action or defense is founded, nor even in such case when the allegation is a denial of the existence of a document, the custody of which belongs to the opposite party." Code of Civil Procedure, section 1981, provides: "The party holding the affirmative of the issues must produce the evidence to prove it; therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side." Penal Code, section 1102, provides: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code."

Appellant argues that, even though he has the burden of proof, the presumption of innocence and the presumption that the law has been obeyed, are sufficient to compel the court to grant his motion to dismiss. He overlooks the presumptions which operate in respondent's favor, i.e. (Code Civ. Proc., § 1963, subd. 5), "That evidence wilfully suppressed would be adverse if produced"; and Code Civ. Proc., § 1963, subd. 6, "That higher evidence would be adverse from inferior being produced." Appellant could have filed an affidavit or could have testified to facts showing that he had complied with all the conditions of probation, but he suppressed such evidence. The court was entitled to presume it would have been adverse to appellant.

This court held in *People* v. *Minter* (1946), 73 Cal.App.2d Supp. 994, 996 [167 P.2d 11], that presumptions are evidence. In *People* v. *Agnew* (1940), 16 Cal.2d 655 [107 P.2d 601], the court said at page 662, quoting with approval *People* v. *Le Doux* (1909), 155 Cal. 535, 553 [102 P. 517]: "All presumptions are evidence. Conclusive presumptions (Code Civ. Proc., §§ 1961, 1962) are not overcome by the presumption of innocence, nor are many disputable presumptions so overcome." 18 Cal.Jur.2d 536: "A disputable presumption, when called into operation, has the effect of evidence establishing a prima facie case, and operates to shift the burden of introducing evidence. But such a presumption is merely evidence in the case, having no greater or different effect than the testimony of witnesses, and it in no degree changes the rule as to the burden of proof in the sense of the burden of producing a preponderance of evidence. It is still for

the party having the affirmative of the issue, on the whole evidence, to prove it by a preponderance; the burden is not on the party against whom the presumption operates.''

In the case at bar we, therefore, have presumptions which operate on each side and we are faced with the familiar proposition that the trial judge decided the motion on conflicting evidence.

The order is affirmed.

Shaw, P. J., concurred.

BISHOP, J.—I concur, without approval or disapproval of the proposition that the situation calls for an application of the presumptions of subdivisions 5 and 6 of section 1963.

One of the conditions of probation was that the defendant was to serve 30 days in the county jail. The defendant made no showing that this condition of his probation had been fulfilled. His motion (see Code Civ. Proc., § 1003) was properly denied.