[Crim. No. 5739.   First Dist., Div. Two.   Feb. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS NORMAN BRADLEY, Defendant and Appellant.

Thomas Norman Bradley, in pro. per., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and John P. Oakes, Deputy Attorneys General, for Plaintiff and Respondent.

TAYLOR, J.—Defendant, Thomas N. Bradley, in pro. per., appeals from an order dated April 8, 1966, denying his application to expunge the record of his prior conviction pursuant to section 1203.4 of the Penal Code. He contends that the trial court erred in denying him the mandatory relief provided by the statute.

The facts are not in dispute. On December 7, 1964, defendant was convicted on his plea of guilty to attempted burglary, a felony, in violation of section 459 of the Penal Code.[1] The court suspended imposition of the sentence, placed

---

[1] As the appeal was filed in pro. per., the necessary documents concerning the prior convictions were not designated as part of the record on appeal. As these were obviously before the court below and are essential to this appeal, the record on appeal is augmented on the court's own motion (rule 12(a), Cal. Rules of Court; *McCarthy* v. *Mobile Cranes, Inc.*, 199 Cal.App.2d 500 [18 Cal.Rptr. 750]) to include the copies of these documents appended to the People's brief.

defendant under the supervision of the probation officer and as a condition of probation ordered defendant to spend six months of the probationary period in the county jail. On April 16, 1965, on petition of the probation officer, the term was reduced to the time already served, probation was terminated and defendant released. On October 19, 1965, defendant was charged by information with robbery (Pen. Code, § 211), kidnaping (Pen. Code, § 207) and three prior convictions, the third being the 1964 attempted burglary. On December 7, 1965, defendant pled guilty to the charge of auto theft, an offense included within the offense charged in the first count of the information, and admitted the third prior, the attempted burglary. Thereafter, on the motion of the district attorney, the kidnaping count of the information and the first and second prior convictions were dismissed. Defendant's motion for probation was denied and he was sentenced to the state prison for the term prescribed by law.[2] On March 30, 1966, defendant filed his application seeking withdrawal of his plea of guilty to the attempted burglary charge and dismissal of the accusation pursuant to section 1203.4 of the Penal Code.

Section 1203.4 of the Penal Code provides: ''Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.''

Defendant relies on *People* v. *Johnson,* 134 Cal.App.2d 140 [285 P.2d 74]. In that case, the defendant was convicted of

---

[2]No appeal was filed from that judgment.

felony drunk driving, given probation and sometime after the expiration of the probationary period, applied for dismissal. The trial court denied the application on the ground that seven months after expiration of the probationary period, the defendant again violated the same Vehicle Code section. In reversing, the appellate court said at pages 143 and 144: "The law does not require positive proof of total and permanent reformation or rehabilitation as a condition to surrender of the right to impose judgment and sentence, for there could be no such proof. . . . The theory seems to be that if one with a reasonably satisfactory background commits a crime, the experience of apprehension and processing through court, together with the restrictions imposed through probation upon unlawful or intemperate conduct, may effect a greater degree of reformation than jail or prison confinement, and a showing that the terms of probation have been complied with would support a hope, at least, that reformation had been accomplished."

The court went on to hold that the language of section 1203.4 was mandatory and that if a defendant had fulfilled the conditions of probation for the prescribed period or had been discharged from probation, he was entitled, as a matter of right, to the dismissal of the accusation and restoration of rights as provided by statute. The court rejected an argument similar to that raised by the People here based on *People* v. *Majado,* 22 Cal.App.2d 323 [70 P.2d 1015], that complete reformation was required, by stating at page 144: "It was apparently intended that where a defendant has performed the requirements laid down in terms of probation the court should have no discretion but to carry out its part of the bargain with said defendant, even though it might appear at the time of application for said benefits that complete and permanent reformation or rehabilitation has not been accomplished."

The People point out that the Legislature's intent is demonstrated by section 1203.4a of the Penal Code, adopted in 1963 (some 28 years after the adoption of section 1203.4) which provides, so far as pertinent, that a defendant convicted of a misdemeanor, but not granted probation, may withdraw his plea of guilty, plead not guilty, and have the accusatory pleading dismissed, only when he can show that before such motion he has fully complied with the sentence, has lived an upright and law-abiding life, and has not been

charged with other crimes since the pronouncement of the original judgment.

There is an apparent anomaly in that the requirements for expungement of a misdemeanor conviction under 1203.4a are more stringent than those required of felonies under 1203.4. The misdemeanant's record must disclose that he has subsequently lived an honest and upright life free of criminal charges. However, the language of section 1203.4 is clear and unambiguous and the Legislature is presumed to have known of the holding of *People* v. *Johnson, supra,* when it adopted 1203.4a. The Attorney General's argument should, therefore, be directed to the Legislature rather than the courts.

We are compelled to follow the *Johnson* case in which a hearing was denied by the Supreme Court. As defendant here had successfully completed his probationary period, he was entitled to a dismissal. The dismissal, however, will not have the effect he seeks, namely, to eliminate the attempted burglary conviction as a prior in the subsequent prosecution. Section 1203.4 specifically provides that "in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

The order appealed from is reversed with directions to the trial court to enter the dismissal of the attempted burglary conviction.

Agee, Acting P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.