Opinion
 

 ALLPORT, J.
 

 In a petition filed February 5, 1975, Richard Milton McCloud sought and obtained an order from the superior court sealing all records pertaining to his conviction on June 4, 1962, of forgery (Pen. Code, § 470). The order was dated February 4, 1975, and made pursuant to Penal Code section 1203.45.
 
 [1]
 

 In that verified petition it was alleged in paragraph VI “[t]hat petitioner has not been convicted of any crime, except the conviction on June 4, 1962, with the exception that petitioner has had traffic infractions.”
 

 
 *176
 
 On June 28, 1976, the People filed a motion to vacate the order sealing McCloud’s records on the ground that the original order was void because McCloud was in fact ineligible for sealing in that on July 9, 1969, he had suffered a misdemeanor conviction for battery (Pen. Code, § 242), which was not disclosed in his petition to have the records sealed.
 
 [2]
 
 On August 12, 1976, the People’s motion was granted and the sealing order vacated upon the ground that the battery conviction of July 9, 1969, barred relief under section 1203.45, subdivision (d). In so ruling the court below stressed the fact that McCloud told a “complete untruth” when he alleged under penalty of perjury on January 24, 1975, that he had not been convicted of any crime except the one of June 4, 1962, when in fact he had been convicted of battery on July 9, 1969.
 

 Defendant appeals from the order vacating the sealing of the records. The appeal lies. (Pen. Code, § 1237, subd. 2.)
 

 Issue
 

 We perceive the issue on appeal to be, as stated by defendant at page 19 of the opening brief, wherein it is said: “the real question posed by this case is whether a subsequent conviction occurring during the interim between the time a person becomes eligible to petition for relief under section 1203.45 and actually files his papers, as a matter of law precludes exercise of the discretion [trial court’s] favorably to the defendant.” We conclude that it does and for that reason will affirm.
 

 Discussion
 

 As pointed out in
 
 People
 
 v.
 
 Ryser,
 
 40 Cal.App.3d 1, 7 [114 Cal.Rptr. 668]: “Section 1203.45 was obviously enacted to achieve the salutary purpose of ameliorating the harsh and life-long social economic handicaps that accrue to persons under 21 who are convicted of a single misdemeanor offense—an act most frequently reflecting immature judgment or youthful irresponsibility rather than a criminal bent or disposition. These disadvantages are undebatable and well documented. As one comment puts it, the effective sealing of criminal records is a ‘matter of conscience, not merely of convenience.’ (Kogan & Loughery,
 
 *177
 
 Jr.,
 
 Sealing and Expungement of Criminal Records—The Big Lie,
 
 61 J. Crim. L.C. & P.S. 378.)” (Fn. omitted.)
 

 Section 1203.45, subdivision (a) provides that any
 
 eligible
 
 person “may petition the court for an order sealing the record of conviction. ...” To be eligible the person seeking the benefits of this section must, inter alia, not have been “convicted of more than one offense... .” (Subd. (d).) It follows, as does night the day, that .one once eligible to have his records sealed loses that status upon being convicted a second time and therefore eligibility must be determined as of the date the petition is heard if subdivision (d) is to be given effect. We find no merit in the suggestion that “[defendant was therefore entitled to rely upon the statutory mandate that ‘[t]his section shall apply. .regardless of events intervening between those dates.” We do not construe subdivision (e) to mandate such a statutory construction. We have no hesitancy in concluding that a second conviction prior to the filing of a petition for an order sealing records of a prior conviction renders the petitioner ineligible for such relief.
 

 The question remains in the case at bench whether defendant actually stood convicted of battery at the time of filing this petition on February 5, 1975, in view of the fact that the record of that conviction had been expunged under Penal Code section 1203.4. Section 1203.4a provides that an order made thereunder shall release the defendant “from all penalties and disabilities resulting from the offense of which he has been convicted.” In construing section 1203.4 it was said in
 
 Meyer
 
 v.
 
 Board of Medical Examiners,
 
 34 Cal.2d 62, 65 [206 P.2d 1085]: “The power of the court to reward a convicted defendant who satisfactorily completes his period of probation by setting aside the verdict and dismissing the action operates to mitigate his punishment by restoring certain rights and removing certain disabilities. But it cannot be assumed that the Legislature intended that such action by the trial court under section 1203.4 should be considered as obliterating the fact that the defendant had been finally adjudged guilty of a crime. This is made clear by the provision that the fact of the defendant’s conviction can be used against him in any later prosecution, despite dismissal of the action under section 1203.4. In brief, action in mitigation of the defendant’s punishment should not affect the fact that his guilt has been finally determined according to law. Such a final determination of guilt is the basis for the order of disbarment in this case.” (See also
 
 People
 
 v.
 
 Sharman,
 
 17 Cal.App.3d 550, 552-553 [95 Cal.Rptr. 134].)
 

 
 *178
 
 This distinction between the effect of the relief granted by sections 1203.4 and 1203.45 is made crystal clear by reference to the latter section wherein it is specifically provided that, “[thereafter [after order of sealing is made] such conviction, . . shall be deemed not to have occurred, and the petitioner
 
 may answer accordingly
 
 any question relating to their occurrence.” (Italics added.) It follows that expunging of the record of McCloud’s battery conviction did not operate to eliminate it as a second conviction within the meaning of section 1203.45, subdivision (d) or justify him in omitting reference to the existence of such in his verified petition to seal the record of his prior forgery conviction.
 

 As pointed out in the reply brief at page 2 our resolution of the “primaiy issue” in favor of the People resolves the “initial procedural question underlying the trial court’s jurisdiction to entertain the motion to vacate.. . .”
 

 The order of August 12, 1976, is affirmed.
 

 Cobey, Acting P. J., and Potter, J., concurred.
 

 A petition for a rehearing was denied July 19, 1977, and appellant’s petition for a hearing by the Supreme Court was denied August 25, 1977.
 

 [1]
 

 Section 1203.45, subdivision (d) limits the right to have records sealed to persons convicted of but one offense.
 

 [2]
 

 The docket reveals that a complaint charging McCloud with battery on July 6, 1969, was filed July 8, 1969. On July 9 he withdrew his plea of not guilty and was sentenced to jail for 30 days. Sentence was suspended and probation granted for three years upon condition he pay a fine. On January 7, 1975, the plea of guilty was set aside, a plea of not guilty entered and the case dismissed in accordance with Penal Code section 1203.4 which authorizes such procedure upon the fulfilling of the conditions of probation.