*Supp. 15 Opinion
COLE, P. J.
The People appeal from an order of the municipal court which refused to vacate a 1974 order granting respondent relief under the provisions of Penal Code section 1203.4a.[1]
The chronology is as follows:
1. June 16, 1967. Respondent was convicted of violating section 415. Probation was not granted. (The exact sentence imposed is not disclosed in our record.)
2. September 27, 1973. Respondent was again convicted of violating section 415. Probation was granted.
3. May 14, 1974. The 1973 conviction was set aside and the action was dismissed pursuant to section 1203.4.
4. June 4, 1974. Respondent applied to have the 1967 conviction set aside and to have that action dismissed pursuant to section 1203.4a. (The petition lists § 1203.4 as the applicable statute, but that is undoubtedly a clerical error. It is conceded on this appeal that the applicable statute with reference to the 1967 conviction is § 1203.4a.)
5. June 12, 1974. The court granted the relief sought.
6. June 27, 1975. The People noticed a motion to vacate and set aside the June 12, 1974 order.[2]
7. July 13, 1978. The motion was denied. This appeal followed.
*Supp. 16 Discussion
In order to understand the issues presented on this appeal it is necessary to contrast the pertinent language of sections 1203.4 and 1203.4a respectively. Each provides a procedure, under specified circumstances, under which one convicted of certain criminal offenses may have his conviction set aside and the criminal action dismissed. Each of the sections states, in identical language, that upon such a dismissal a defendant “shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted.”
Section 1203.4, however, applies only to a defendant who has been placed on probation. It is not limited to those convicted of misdemeanors only, but also applies to probationers who are convicted of felonies. Section 1203.4a applies only to a defendant who is convicted of a misdemeanor, and who is not granted probation. In this situation it is anomalous, to say the least (People v. Bradley (1967) 248 Cal.App.2d 887, 890 [57 Cal.Rptr. 82]) that the People assert that section 1203.4a is to be applied more rigorously than section 1203.4.
We set forth the two sections in parallel columns, underscoring the portions of the statutes which impose qualifying conditions on defendants respectively eligible to apply for relief under one or the other of them:
Section 1203.4 “(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the *Supp. 17 court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and he shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted. The probationer shall be informed, in his probation papers, of this right and privilege and his right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.
“Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021.
“This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970.
*Supp. 16 Section 1203.4a “(a) Every defendant convicted of a misdemeanor and not granted probation shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime and has, since such pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his plea of guilty or nolo contendere and enter a plea of not guilty; *Supp. 17 or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusatory pleading against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he has been convicted. The defendant shall be informed of the provisions of this section, either orally or in writing, at the time he is sentenced. The defendant may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if relief had not been granted pursuant to this section.
“This subdivision applies to convictions which occurred before as well as those occurring after, the effective date of this section.
“(b) Subdivision (a) of this section shall not apply to any misdemeanor falling within the provisions of subdivision (b) of Section 42001 of the Vehicle Code or to any infraction.”
*Supp. 18 “(b) Subdivision (a) of this section does not apply to any misdemeanor which is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, or to any infraction.”
The People concede that “Under the provisions of section 1203.4a, respondent was eligible for such relief from June 1968, which was one year after the conviction, through September of 1973, when the second conviction occurred.” They argue, however, that once respondent was convicted a second time, in 1973, he lost eligibility for relief under section 1203.4a. The People rely upon People v. McCloud (1977) 71 Cal.App.3d 173 [139 Cal.Rptr. 321], That case is not controlling here. Its similarity to the present case is only superficial. That case involved yet another statute (§ 1203.45) which is part of the legislative crazy-quilt dealing with the sealing of records of criminal convictions. It applies to defendants who, among other things, committed a misdemeanor while under the age of 18 years. By its express terms, it does not apply, with specified exceptions, to a person “convicted of more than one offense.” (Subd. (d).) In McCloud the defendant had been convicted of forgery in 1962. In February 1975 he applied for an order sealing the records of that conviction. He did not disclose that he had been convicted in 1969 of a misdemeanor of battery, which had been set aside under section 1203.4 in January 1975. The trial court sealed the records of the conviction. Thereafter, on the People’s motion the trial court set aside that order. On appeal by the defendant the appellate court affirmed the order vacating the sealing of the records. Its basis of doing so was that the January 1975 relief granted to the defendant with respect to his battery conviction “did not operate to eliminate it as a second conviction within the meaning of section 1203.45, subdivision (d) or justify him in omitting reference to the existence of such in his verified petition to seal the record of his prior forgery conviction.” (71 Cal.App.3d atp. 178.)
In contrast to McCloud, respondent here did reveal the fact of his second (1973) conviction, and that it had been set aside, when he applied for relief under section 1203.4a. Even more importantly, section 1203.4a does not have the “no second conviction” language which appears in subdivision (d) of section 1203.45.
A case of much greater aptness to the present situation than McCloud is People v. Johnson (1955) 134 Cal.App.2d 140 [285 P.2d 74], involving *Supp. 19 section 1203.4. In 1950 defendant there was found guilty of a felony violation of the Vehicle Code; he successfully completed probation in January 1954. In October 1954 he petitioned for relief under section 1203.4, but was denied it by the trial court because, in August 1954, he had again been convicted of the same Vehicle Code violation. The trial court held that the second conviction barred relief; the appellate court disagreed and held that section 1203.4 left the court without discretion, once defendant had successfully completed probation for the first offense. The court stressed that the statute provided that the trial court “shall” grant relief, and construed the word as mandatory.[3] (134 Cal.App.2d at p. 144.)
If that is the result with respect to a convicted felon who repeated his offense a few months after successfully completing probation imposed as punishment for his first offense (and who, incidentally, had not had that conviction set aside), it would seem to be almost an a fortiori proposition that a misdemeanor defendant such as respondent who did not commit another misdemeanor until over five years after becoming eligible for section 1203.4a relief should be given that relief. Were it not so, serious and obvious equal protection of the law problems would arise from the statutory “anomaly.” (See Newland v. Board of Governors (1977) 19 Cal.3d 705, 708 [139 Cal.Rptr. 620, 566 P.2d 254]; “. . . [T]his rather startling statutory preferential treatment for felons as contrasted with misdemeanants denies misdemeanants the equal protection of the laws. . . .”)
In response to this suggestion, though, the People point out to us that section 1203.4a contains the following language not found in section 1203.4: “and has, since such pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land.” They read this language to mean that while respondent could have relief at any time from June 1968 to September 1973, he may no longer do so. It might be possible to read section 1203.4a in this fashion. To do so would court the constitutional danger mentioned above. We avoid that danger, as we should (Palermo v. Stockton Theatres, Inc. (1948) 32 Cal.2d 53, 60 [195 P.2d 1]), by reading the section as we believe the Legislature intended: It seems to us that the language “and has, since such *Supp. 20 pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land” must be read as relating to one year from the date of pronouncement of judgment. That date is the date upon which eligibility for section 1203.4a relief attaches. The other conditions of the section clearly relate to that date. Reading the quoted language similarly comports with an evident intention to secure law compliance from a misdemeanant not placed on probation, but instead sentenced outright (by fine or jail term) who stays out of trouble with the law for one year after his misdemeanor conviction.
The order appealed from is affirmed.
Pacht, J., and Ibañez, J., concurred.

 A11 further statutory references herein are to sections of the Penal Code.

The four year delay is not satisfactorily explained. The People, represented by the Attorney General, complain that the People, represented by local law enforcement agencies, delayed in reporting the 1974 order to the Attorney General. While respondent complains of the delay he makes no actual showing of prejudice. In view of our disposition of the matter we need not decide if such a delay itself is fatal to the substantive relief sought by the People. It does not affect the time for appeal, since the People contend the 1974 order was void. (People v. Thomas (1959) 52 Cal.2d 521, 528-529 [342 P.2d 889].)

 The same result was reached in People v. Bradley, supra, 248 Cal.App.2d 887, although at the time a successful probationer moved for relief under section 1203.4 from a prior attempted burglary conviction he was in state prison following a plea of guilty to another felony. (See also, In re Griffin (1967) 67 Cal.2d 343, 347, fn. 3 [62 Cal.Rptr. 1, 431 P.2d 625].)