Filed 3/21/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MISAEL VENCES MAYA,<br><br>　　Defendant and Appellant. | 2d Crim. No. B290589<br>(Super. Ct. No. 2010031209)<br>(Ventura County) |

A model prisoner is not necessarily a model citizen.

Misael Vences Maya appeals an order denying a motion to expunge his misdemeanor conviction for possession of methamphetamine.  (Pen. Code, § 1203.4a [rehabilitation of misdemeanants]; Health & Saf. Code, § 11377, subd. (a).)[1]  We affirm.

This appeal concerns the trial court's denial of Maya's request to expunge his conviction for possession of methamphetamine following his successful motion to reduce the felony conviction to a misdemeanor.  In ruling against Maya, the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

trial judge stated that Maya could not establish that he had lived "an honest and upright life" as required by section 1203.4a, subdivision (a) because he has been in continuous state or federal custody following his 2011 conviction. The court later denied Maya's motion for reconsideration, noting that it was denying relief in the exercise of its discretion. Maya now appeals the denial of his expungement motion and motion for reconsideration.

*FACTUAL AND PROCEDURAL HISTORY*

On June 30, 2011, Maya pleaded guilty to driving under the influence with six prior driving-under-the-influence convictions, and possession of methamphetamine. (Veh. Code, §§ 23152, subd. (a), 23550; Health & Saf. Code, § 11377, subd. (a).) Maya also admitted that he had served two prior prison terms. (§ 667.5, subd. (b).) During the plea colloquy, the prosecutor advised Maya of the immigration consequences of his plea, including possible deportation.

On July 7, 2011, the trial court denied probation and sentenced Maya to four years eight months imprisonment, consisting of a three-year upper term for the driving-under-the-influence conviction, an eight-month consecutive term for the drug conviction, and a consecutive one-year term for one prior prison term allegation. The court struck the remaining prior prison term allegation and granted the prosecutor's motion to dismiss the remaining charges and allegations. The court also imposed various fines and fees and awarded Maya 571 days of presentence custody credit.

On December 25, 2012, Maya completed his term of imprisonment. On that date and continuously since that time, the United States Department of Homeland Security received custody of Maya. The Department issued a removal notice

2

stating that Maya was subject to removal as a lawful permanent resident of the United States because he had suffered a conviction for possession of a controlled substance other than 30 grams or less of marijuana for personal use. (8 U.S.C. § 1227 (a)(2)(B)(i); *Padilla v. Kentucky* (2010) 559 U.S. 356, 368 [176 L.Ed.2d 284, 295] [Immigration and Nationality Act commands removal for all controlled substance convictions except the "most trivial of marijuana possession cases"].)[2]

In 2015, Maya filed an application to reduce his methamphetamine drug possession conviction to a misdemeanor, pursuant to section 1170.18, subdivisions (f) and (g) ("Proposition 47"). The court granted the application on October 1, 2015.

On April 11, 2018, Maya sought to have the now-misdemeanor drug possession conviction expunged pursuant to section 1203.4a. The appellate record does not contain Maya's expungement motion or its supporting evidence. During argument of the motion, however, Maya's counsel stated that Maya declared that he has attended Alcoholics Anonymous meetings while detained and has participated in fire camp.

Following the trial court's denial of the motion, Maya filed a motion for reconsideration. The reconsideration motion contained a probation report dated April 6, 2018, stating: "There remains no demonstrated, or measurable level of compliance in the community [by Maya], and there has been no way to evaluate his ability to obey all laws." The court denied the motion for reconsideration. In ruling, the trial judge decided that being "in custody for substantial periods of time" cannot be considered

---

[2] Expungement of a drug conviction may have no effect on the federal immigration consequences of the conviction. (*People v. Martinez* (2013) 57 Cal.4th 555, 560.)

3

leading an "honest and upright life" as required by statute: "Mr. Maya has never been released from custody [and there was] no opportunity . . . to determine whether he leads a law-abiding life when out of custody."

## DISCUSSION

Maya contends that the trial court erred by not considering his good behavior during federal custody as evidence of "an honest and upright life" within section 1203.4a, subdivision (a). He also asserts that the court erred by considering that he did not receive a grant of probation at sentencing and that he also was convicted of driving under the influence. Maya relies upon *People v. Khamvongsa* (2017) 8 Cal.App.5th 1239, 1244-1247 [completed prison sentence for offense reclassified as misdemeanor does not preclude relief pursuant to section 1203.4a]. He adds that section 1203.4a does not define "an honest and upright life."

Section 1203.4a, subdivision (a) provides: "Every defendant convicted of a misdemeanor and not granted probation . . . shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime, and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusatory pleading against the defendant . . . ." The discretionary expungement provision of section 1203.4a, subdivision (b) states: "If a defendant does not satisfy all the requirements of subdivision (a),

4

after a lapse of one year from the date of pronouncement of judgment, a court, in its discretion and in the interests of justice, may grant the relief pursuant to subdivision (a) . . . if [defendant] has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense, and is not under charge of commission of any crime." A defendant who later has his felony conviction reduced to a misdemeanor is eligible for relief pursuant to section 1203.4a. (*People v. Khamvongsa, supra,* 8 Cal.App.5th 1239, 1244-1245 [reclassified drug conviction is a misdemeanor for all purposes, including expungement relief pursuant to section 1203.4a].)

The trial court did not abuse its discretion by concluding that Maya has not established that he has led an honest and upright life during his state and federal custody. Compliance with prison regulations in an institutional setting does not satisfy the requirement of an honest and upright life. A custodial setting necessarily restricts an inmate's exercise of free will; an honest and upright life demands more than mere compliance with prison regulations or participation in prison classes and activities. Prison confinement necessarily precludes evidence of inmate behavior in the face of outside temptation. (See *People v. Zeigler* (2012) 211 Cal.App.4th 638; *id.* at pp. 652, 654 [certificate of rehabilitation pursuant to section 4852.05 requires evidence that person lived "an honest and upright life," a high standard to meet].)

Maya asserts that the language allowing a defendant to seek relief "at any time after the lapse of one year from the date of pronouncement of judgment" implies that a trial court considering an expungement motion may consider custodial behavior in assessing "an honest and upright life." (§ 1203.4a,

5

subd. (a).)  Reading the words of the statute in context, however, the reference to "one year" refers to the earliest time a defendant may seek expungement of his misdemeanor conviction.  (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 301 [in construing a statute, words must be read in context].)

We disagree that the trial court's comments regarding Maya's lack of a grant of probation or his conviction for felony driving under the influence indicates that the court was confused regarding the requirements of section 1203.4a.  A fair reading of the court's statements in context indicates that it could not evaluate whether Maya had lived an honest and upright life since the pronouncement of judgment because he has been in custody continuously since 2011.

The trial judge stated:  "There's been no opportunity by the Court or probation or by parole officials to determine whether he leads a law-abiding life when out of custody and I think that's what probation and parole and Post Release Supervision is all about."  The court also agreed with Maya that he was eligible for expungement although he had also suffered a felony conviction for driving under the influence.  We presume that the court knows and understands the law and applies it correctly.  (*Ross v. Superior Court* (1977) 19 Cal.3d 899, 913.)  We also must review the court's statements in context.  (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1158 [court's comments in denying probation must be read in context].)

Maya's reliance upon *People v. Galvan* (2007) 155 Cal.App.4th 978, 983-984, and *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295-297, is misplaced.  Those decisions conclude that a defendant's failure to report to his probation officer or attend a court hearing is not willful when the defendant is

6

detained by immigration authorities. The decisions involve probationers and the violation of court orders and are not relevant here.

In response to the dissent, we are mindful that Maya is in custody because of his immigration status, and not because he committed a new crime. But he bears responsibility for that status. His being in a controlled custodial environment does not allow for proper evaluation of how Maya would conduct himself in society.

The order is affirmed.

CERTIFIED FOR PUBLICATION.

GILBERT, P. J.

I concur:

YEGAN, J.

7

TANGEMAN, J.:

I respectfully dissent. Penal Code[1] section 1203.4a, subdivision (a) mandates relief if certain conditions are satisfied. The majority concedes that Maya (1) was convicted of a felony which was later reduced to a misdemeanor[2] and not granted probation, (2) complied with and performed the sentence of the court, (3) is not serving a sentence for any offense, and (4) is not charged with a new crime. That leaves only one remaining condition: that he lived an honest and upright life and obeyed the laws of the land since the pronouncement of judgment.

It is settled that the conditions imposed by section 1203.4a, including living an honest and upright life, "must be read as relating to one year from the date of pronouncement of judgment." (*People v. Chandlee* (1979) 90 Cal.App.3d Supp. 13, 20.) This is so because section 1203.4a evinces an "intention to secure law compliance from a misdemeanant not placed on probation, but instead sentenced outright (by fine or jail term) who stays out of trouble with the law for one year after his misdemeanor conviction." (*Ibid.*)

The majority opinion concludes that "[c]ompliance with prison regulations in an institutional setting does not satisfy the requirement of an honest and upright life." (Maj. opn. *ante*, at p. 5.) No authority is cited for this conclusion because none exists.

---

[1] All further statutory references are to the Penal Code.

[2] A defendant convicted of a felony and sentenced to prison who later has the felony conviction reduced to a misdemeanor is eligible for relief pursuant to section 1203.4a. (*People v. Khamvongsa* (2017) 8 Cal.App.5th 1239.)

1

The plain language of section 1203.4a compels the opposite result. The statute requires only that the misdemeanant comply with the law for one year following conviction (see *People v. Chandlee*, *supra*, 90 Cal.App.3d at p. Supp. 20). This includes time spent in custody, for the language plainly applies to misdemeanants denied probation and sentenced outright, commencing "from the date of pronouncement of judgment," not the date of release from custody.[3] A misdemeanant may be incarcerated for up to one year after conviction. (§ 19.2.)

Where the statutory language is clear, "'"courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend."'" (*Meza v. Portfolio Recovery Associates, LLC* (2019) 6 Cal.5th 844, 856.) Following the plain meaning of section 1203.4a would not lead to absurd results. It is no secret that persons in custody can, and often do, commit crimes or violate institutional rules. (See, e.g., §§ 243.1 [battery against custodial officer], 4573.6 [possession of controlled substance in jail].) It is not absurd to encourage their compliance with the law and institutional rules pending their release.

On the other hand, withholding relief from persons who conform their behavior to the law solely because they are being detained by immigration authorities is inconsistent with the recognized objective of encouraging them "to stay[] out of trouble with the law for one year after" their conviction.

---

[3] Cf. *People v. Zeigler* (2012) 211 Cal.App.4th 638 [certificate of rehabilitation requires successful completion of sentence and an additional sustained period of rehabilitation "commenc[ing] upon the discharge of the petitioner from custody" (§ 4852.03, subd. (a))].

I would reverse and remand for an evidentiary hearing on whether Maya conformed his behavior to the laws of the land for one year following the pronouncement of judgment.

<u>CERTIFIED FOR PUBLICATION.</u>



TANGEMAN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

      Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

      Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb, Noah P. Hill and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.