# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,
v.
MISAEL VENCES MAYA,
Defendant and Appellant.

S255371

Second Appellate District, Division Six
B290589

Ventura County Superior Court
2010031209

April 9, 2020

Chief Justice Cantil-Sakauye authored the opinion of the Court, in which Justices Chin, Corrigan, Liu, Cuéllar, Kruger, and Groban concurred.

PEOPLE v. MAYA

S255371

Opinion of the Court by Cantil-Sakauye, C. J.

A person convicted of a misdemeanor is entitled to expungement of that conviction if, among other things, the person lives "an honest and upright life" during a specified period after judgment. (Pen. Code, § 1203.4a, subd. (a) (section 1203.4a(a)).) We hold that a person may live such a life even if that person has been in custody since completing the sentence imposed for the misdemeanor.

## I. BACKGROUND

### A. Trial Court

Misael Vences Maya pleaded guilty to driving under the influence (with several such convictions prior) and felony possession of a controlled substance. The trial court sentenced him to prison without probation. Maya completed his term of imprisonment in 2012 and has been in federal immigration custody ever since. While in immigration custody, Maya successfully applied to have the felony possession conviction reduced to a misdemeanor. (See Pen. Code, § 1170.18, subds. (f), (g); all undesignated citations refer to this code.)

Maya then sought expungement of the misdemeanor conviction under section 1203.4a(a), which contains the "honest and upright life" requirement mentioned above. Among other things, he contended that he had obeyed all laws since being convicted and had participated in fire camp and Alcoholics Anonymous. The district attorney opposed the request, arguing

in part that "[o]f course he's had an upstanding life because he's been a prisoner in state prison"; "there has been no period where he successfully or satisfactorily completed probation or even the post[-]custody release because he was directly into federal custody. So there's been no period even to evaluate." The trial court denied the request, stating that "[b]eing in custody for substantial periods of time" is not equivalent to living "an honest and upright life."

Maya moved for reconsideration. The trial court denied the motion. Among other things, the court observed that "[t]here's been no opportunity by the Court or probation or by parole officials to determine whether [Maya] leads a law-abiding life when out of custody." The court did not discuss Maya's participation in fire camp or Alcoholics Anonymous.

## B. Court of Appeal

Maya complained on appeal that the trial court "did not believe custodial time could qualify as honest and upright living for expungement purposes." A divided panel of the Court of Appeal affirmed, rejecting the premise "that a trial court considering an expungement motion may consider custodial behavior in assessing 'an honest and upright life.'" (*People v. Maya* (2019) 33 Cal.App.5th 266, 270 (*Maya*).)

Justice Tangeman dissented. He interpreted the relevant statutory text to permit consideration of time spent in custody. (*Maya*, *supra*, 33 Cal.App.5th at p. 272 (dis. opn. of Tangeman, J.).) We granted review to resolve the narrow question whether conduct while in custody can satisfy the honest and upright life requirement.

## II. ANALYSIS

### A. Section 1203.4a(a)'s "Honest and Upright Life" Provision Does Not Categorically Require That a Defendant Spend Time Outside of Custody Before Obtaining Expungement

Abandoning a position they took in the Court of Appeal, the People now concede that "[n]othing in the text, structure, or purpose of [section 1203.4a(a)] categorically forbids a trial court from considering actions . . . while in custody — including immigration custody — in evaluating whether an individual seeking the expungement of a misdemeanor conviction has led an 'honest and upright life.' " We agree.

Section 1203.4a(a) instructs that "[e]very defendant convicted of a misdemeanor and not granted probation . . . shall, at any time after the lapse of one year *from the date of pronouncement of judgment*, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime, and has, *since the pronouncement of judgment, lived an honest and upright life* and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty . . . and enter a plea of not guilty; . . . and . . . the court shall thereupon dismiss the accusatory pleading against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted," with exceptions not relevant here. (Italics added.)

The text of this provision strongly suggests that a court may consider a defendant's behavior in custody, including immigration custody, when evaluating whether that defendant has lived an honest and upright life. The statute directs a court

considering a request for relief to evaluate whether the defendant has "lived an honest and upright life" "since the pronouncement of judgment" (§ 1203.4a(a)), not since "the date of release from custody," or anything to that effect (*Maya*, *supra*, 33 Cal.App.5th at p. 272 (dis. opn. of Tangeman, J.)).

Moreover, a defendant may become eligible for relief as soon as "any time after the lapse of one year from the date of pronouncement of judgment." (§ 1203.4a(a).) Because a defendant convicted of a misdemeanor may be required to spend time in custody (see, e.g., § 19.2 [up to one year]), the statute's focus on "time after" the pronouncement of judgment suggests that a defendant's conduct while in custody is relevant to the court's inquiry. If time in custody were ignored as irrelevant, then misdemeanants sentenced to longer terms of confinement would be eligible for expungement after shorter periods of honest and upright living. We have no reason to think the Legislature might have intended that result.

By contrast, concluding that time in custody is relevant to the honest and upright life inquiry is not only supported by the statutory text, it makes practical sense as well. Various provisions of the Penal Code reflect concern that those in custody for breaking the law may break the law again when incarcerated. (See, e.g., §§ 243.1 [battery against custodial officer], 4573.6 [possession of controlled substance].) In short, "persons in custody can, and often do, commit crimes . . . ." (*Maya*, *supra*, 33 Cal.App.5th at p. 272 (dis. opn. of Tangeman, J.).) The possibility of expungement relief, and the benefits that come with it, may provide a powerful incentive for good behavior. (See, e.g., Lab. Code, § 432.7, subd. (a)(1) [limiting employers' use of expunged convictions].) Considering individuals' conduct while in custody when deciding whether to

grant that relief "encourage[s] their compliance with the law . . . pending their release." (*Maya*, at p. 273 (dis. opn. of Tangeman, J.).) And courts are well-equipped to evaluate the significance of in-custody behavior, as they routinely do so in other legal contexts. (See, e.g., §§ 1170.18, subd. (b)(2), 1170.126, subd. (g)(2).)

We thus conclude, contrary to the Court of Appeal, that conduct while in custody is relevant to determining whether a defendant has satisfied the honest and upright life requirement. (See *Maya*, *supra*, 33 Cal.App.5th at p. 270.) Based on the same considerations, we further hold that such conduct is not merely relevant; it can, in appropriate cases, satisfy that requirement. True, the fact that the conduct occurred while a defendant was in custody can be a pertinent factor in a court's inquiry. But nothing in the statutory text or legislative history permits us to hold that such conduct is categorically insufficient to satisfy the honest and upright life requirement.

### B. The Court of Appeal May Determine on Remand Whether the Trial Court Erred in Denying Maya Relief

Rather than contesting the issue we granted review to resolve, the People ask us to affirm the judgment on the alternative ground that, even if time in custody is relevant to the honest and upright life inquiry, the trial court did not err in denying Maya expungement. We decline to reach that issue. On remand, the Court of Appeal may consider it in the first instance.

## III. DISPOSITION

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with this opinion.

**CANTIL-SAKAUYE, C. J.**

**We Concur:**

**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Maya

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 33 Cal.App.5th 266
**Rehearing Granted**

_____

**Opinion No.** S255371
**Date Filed:** April 9, 2020

_____

**Court:** Superior
**County:** Ventura
**Judge:** Bruce A. Young

_____

**Counsel:**

Wayne C. Tobin, under appointment by the Supreme Court, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael J. Mongan, State Solicitor General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Janill L. Richards, Principal Deputy State Solicitor General, Helen H. Hong, Deputy State Solicitor General, Shawn McGahey Webb, Noah P. Hill and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Wayne C. Tobin
Attorney at Law
1560-1 Newbury Road, #346
Newbury Park, CA 91320-3448
(805) 499-7656

Helen H. Hong
Deputy State Solicitor General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 738-9693