Filed 10/15/20  P. v. Maya CA2/6
Opinion following remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MISAEL VENCES MAYA,<br><br>    Defendant and Appellant. | 2d Crim. No. B290589<br>(Super. Ct. No. 2010031209)<br>(Ventura County)<br><br>OPINION FOLLOWING TRANSFER<br>FROM SUPREME COURT |

Misael Vences Maya appeals orders denying a motion to expunge his misdemeanor conviction for felony possession of methamphetamine. (Pen. Code,[1] § 1203.4a [rehabilitation of misdemeanants]; Health & Saf. Code, § 11377, subd. (a).)

This appeal concerns the trial court's denial of Maya's request to expunge his conviction for possession of methamphetamine following his successful motion to reduce the felony conviction to a misdemeanor. In ruling against Maya, the

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

trial judge stated that Maya could not establish that he had lived "an honest and upright life" as required by section 1203.4a, subdivision (a) because he has been in continuous state or federal custody following his 2011 conviction. The court later denied Maya's motion for reconsideration, noting that it was denying relief in the exercise of its discretion. Maya then appealed the denial of his expungement motion and motion for reconsideration. In a published decision, we affirmed the court's orders by a majority opinion. (*People v. Maya* (2019) 33 Cal.App.5th 266.) Maya sought further review and, on July 10, 2019, our Supreme Court granted Maya's petition for review.

On April 9, 2020, our Supreme Court decided *People v. Maya* (2020) 9 Cal.5th 239 (*Maya*). The court concluded that a person seeking expungement of a misdemeanor conviction may establish the requirement of "an honest and upright life" by his actions and behavior while in custody. (*Id.* at p. 242.) The court transferred Maya's appeal to us with directions to vacate our opinion and reconsider the appeal in light of its decision. (*Id.* at p. 243.) The parties have now filed supplemental briefs regarding the court's decision.

We have complied with our Supreme Court's directions. Accordingly, we reverse and remand the matter to the trial court to consider evidence of Maya's actions and behavior while in custody as proof of his honest and upright life within the meaning of section 1203.4a.

*FACTUAL AND PROCEDURAL HISTORY*

On June 30, 2011, Maya pleaded guilty to driving under the influence with six prior driving-under-the-influence convictions, and felony possession of methamphetamine. (Veh. Code, §§ 23152, subd. (a), 23550; Health & Saf. Code, § 11377, subd.

2

(a).)  He also admitted that he had served two prior prison terms. (§ 667.5, subd. (b).)  During the plea colloquy, the prosecutor advised Maya of the immigration consequences of his plea, including possible deportation.

On July 7, 2011, the trial court denied probation and sentenced Maya to four years eight months' imprisonment, consisting of a three-year upper term for the driving-under-the-influence conviction, an eight-month consecutive term for the drug conviction, and a consecutive one-year term for one prior prison term allegation.  The court struck the remaining prior prison term allegation and granted the prosecutor's motion to dismiss the remaining charges and allegations.  The court also imposed various fines and fees and awarded Maya 571 days of presentence custody credit.

On December 25, 2012, Maya completed his term of imprisonment.  On that date and continuously since that time, the United States Department of Homeland Security received custody of Maya.  The department issued a removal notice stating that Maya was subject to removal as a lawful permanent resident of the United States because he had suffered a conviction for possession of a controlled substance other than 30 grams or less of marijuana for personal use.  (8 U.S.C. § 1227 (a)(2)(B)(i); *Padilla v. Kentucky* (2010) 559 U.S. 356, 368 [Immigration and Nationality Act commands removal for all controlled substance convictions except the "most trivial of marijuana possession offenses"].)[2]

---

[2]Expungement of a drug conviction may have no effect on the federal immigration consequences of the conviction.  (*People v. Martinez* (2013) 57 Cal.4th 555, 560.)

3

In 2015, Maya filed an application to reduce his felony methamphetamine possession conviction to a misdemeanor, pursuant to section 1170.18, subdivisions (f) and (g) ("Proposition 47"). The court granted the application on October 1, 2015.

On April 11, 2018, Maya sought to have the now-misdemeanor drug possession conviction expunged pursuant to section 1203.4a. The appellate record does not contain Maya's expungement motion or its supporting evidence. During argument of the motion, however, Maya's counsel stated that Maya declared that he has attended Alcoholics Anonymous meetings while detained and has participated in fire camp.[3]

Following the trial court's denial of the motion, Maya filed a motion for reconsideration. The court also denied the motion for reconsideration, deciding that being in custody for substantial periods of time cannot be considered leading an "honest and upright life" as required by statute.

*DISCUSSION*

Section 1203.4a, subdivision (a) provides: "Every defendant convicted of a misdemeanor and not granted probation . . . shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime, and has, since the pronouncement of judgment, lived

---

[3] Effective January 1, 2021, newly enacted section 1203.4b permits certain former prisoners who participated in fire camp to apply for expungement upon release from custody. If the petition for expungement is granted, the former prisoner can seek career pathways that require a state license. Excluded from the law are former prisoners convicted of certain violent offenses or sex offenses.

an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusatory pleading against the defendant . . . ."  The discretionary expungement provision of section 1203.4a, subdivision (b) states: "If a defendant does not satisfy all the requirements of subdivision (a), after a lapse of one year from the date of pronouncement of judgment, a court, in its discretion and in the interests of justice, may grant the relief available pursuant to subdivision (a) . . . if [defendant] has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense, and is not under charge of commission of any crime."  A defendant who later has his felony conviction reduced to a misdemeanor is eligible for relief pursuant to section 1203.4a.  (*People v. Khamvongsa* (2017) 8 Cal.App.5th 1239, 1244-1245 [reclassified drug conviction is a misdemeanor for all purposes, including expungement relief pursuant to section 1203.4a].)

In *Maya*, *supra*, 9 Cal.5th 239, our Supreme Court decided that "conduct while in custody is relevant to determining whether a defendant has satisfied the honest and upright life requirement. . . .  [W]e further hold that such conduct is not merely relevant; it can, in appropriate cases, satisfy that requirement."  (*Id.* at p. 242.)  Here the trial court categorically rejected evidence of Maya's actions and behavior while in custody.

In supplemental briefing, the Attorney General asserts that the trial court also denied Maya's petition because he failed to establish that he had rehabilitated himself, particularly in view of his lengthy criminal history.  Although Maya did not produce

evidence of rehabilitation in his petition or at the hearing, the trial court was clear that conduct during custody could not establish the honest and upright life requirement. Accordingly, we reverse and remand the matter to permit Maya and the prosecutor to offer evidence establishing whether Maya has met the requirements of section 1203.4a in light of our Supreme Court's opinion.

DISPOSITION

The orders are reversed and the matter is remanded for further proceedings as stated herein.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael J. Mongan, State Solicitor General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Janill L. Richards, Principal Deputy State Solicitor General, Helen H. Hong, Deputy State Solicitor General, Shawn McGahey Webb, Noah P. Hill, Jason Tran and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.