Filed 4/24/14

# CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>    **Plaintiff and Respondent,**<br><br>    **v.**<br><br>**MUNTHER HAMDON,**<br><br>    **Defendant and Appellant.** | **A135982**<br><br><br>**(Marin County<br>Super. Ct. No. SC150295A)** |

Appellant Munther Hamdon appeals from the trial court's denial of his petitions to (1) relieve him from the residency restrictions contained in Penal Code section 3003.5, subdivision (b),[1] and (2) relieve him from the requirement to register as a sex offender because his conviction has been set aside pursuant to section 1203.4a. In the unpublished portion of the opinion, we affirm the trial court's denial of the former petition, albeit on different grounds than those relied upon by the trial court. In the published portion of the opinion, we conclude the setting aside of a conviction pursuant to section 1203.4a does not relieve the responsibility to register as a sex offender, and affirm the denial of the latter petition.

---

[*]   Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I.

[1]   All undesignated section references are to the Penal Code.

1

BACKGROUND

In August 2007, appellant was charged by information with committing a lewd act on a child under the age of 14 years (§ 288, subd. (a)), and oral copulation with a child under the age of 14 years (§ 288a, subd. (c)). In May 2008, appellant pled guilty to misdemeanor sexual battery (§ 243.4, subd. (e)(1)) and misdemeanor infliction of harm on a child (§ 273a, subd. (b)). He was sentenced to an aggregate term of one year and one day in county jail. His sentence included the requirement that he register as a sex offender pursuant to section 290.

In December 2009, after serving his jail term, appellant petitioned the trial court to set aside his convictions pursuant to section 1203.4a. The People did not oppose the petition, and the trial court granted it. The order set aside and vacated appellant's guilty pleas, entered pleas of not guilty, and dismissed the complaint. The order further released appellant "from all penalties and disabilities resulting from the offense[s]," with certain exceptions not relevant here.

In November 2010, appellant petitioned the trial court to relieve him from the residency restrictions set forth in section 3003.5, arguing the restrictions constitute cruel and unusual punishment. He also petitioned the trial court to relieve him from the requirement that he register as a sex offender because his convictions have been set aside pursuant to section 1203.4a. The trial court denied appellant's petitions, and this appeal followed.

DISCUSSION

I. *Section 3003.5* *

Appellant first challenges the trial court's order finding the restrictions in section 3003.5, subdivision (b) (section 3003.5(b)) do not constitute cruel and unusual punishment. Section 3003.5(b) provides: "Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to

_____

* See footnote, *ante*, page 1.

2

reside within 2000 feet of any public or private school, or park where children regularly gather."

For the first time in this case on appeal, the People argue section 3003.5(b) applies only to parolees, and therefore appellant — who is not on parole — is not subject to its terms. Appellant takes no position on whether the statute applies to him but contends, if it does apply, it constitutes cruel and unusual punishment. As both parties note, the issue of whether section 3003.5(b) applies only to parolees is currently pending before the California Supreme Court in *People v. Mosley* (2010) 188 Cal.App.4th 1090, review granted January 26, 2011, S187965.

Without deciding the issue, we accept the People's concession that appellant is not subject to section 3003.5(b). (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 341-342 [accepting the People's concession, without deciding the issue, that the defendant is not mandatorily subject to the sex offender registration requirement]; *In re James F.* (2008) 42 Cal.4th 901, 911 [accepting county's concession without deciding underlying issue].) Accordingly, we do not construe the requirement in appellant's sentence that he register as a sex offender pursuant to section 290 to include the requirements of section 3003.5(b). As such, the relief sought by appellant below — an order relieving him from the section 3003.5(b) requirements — is not necessary. We will affirm the trial court's denial of this petition for relief, albeit on different grounds.

II. *Sex Offender Registration*

Appellant next contends the withdrawal of his guilty pleas and dismissal of the complaint pursuant to section 1203.4a released him from the requirement to register as a sex offender pursuant to the Sex Offender Registration Act (§ 290 et seq.; SORA). We disagree.

Section 1203.4a, subdivision (a) provides that misdemeanants not granted probation who have served their sentence, are not charged with or convicted of a subsequent crime, and have, since the date of judgment, lived "an honest and upright life," may petition the court to withdraw a guilty plea and enter a plea of not guilty, or set

aside a guilty jury verdict, and dismiss the accusatory pleading.**2**  Upon such dismissal, the defendant "shall thereafter be released from *all penalties and disabilities* resulting from the offense of which he or she has been convicted," with certain exceptions not relevant here.  (§ 1203.4a, subd. (a), italics added.)  Appellant argues that registration under the SORA is such a penalty or disability.

Section 290 provides that all persons convicted of enumerated offenses, including section 243.4, shall register with law enforcement officials "for the rest of his or her life" while residing, attending school, or working in California.  This registration includes current residence and employment addresses, the license plates of vehicles owned or regularly driven, fingerprints, and a current photograph.  (§ 290.015, subd. (a).)  Registration must be updated annually as well as any time the registrant's residence address changes.  (§§ 290.012, subd. (a), 290.013, subd. (a).)  Failure to comply with the registration requirement is a criminal offense.  (§ 290.018.)  " ' "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." ' "  (*In re Alva* (2004) 33 Cal.4th 254, 264 (*Alva*).)

We reject appellant's contention for two reasons.  First, section 290.5 sets forth specific means by which a registrant may be relieved of this requirement, and does not refer to a dismissal under section 1203.4a.  "A person required to register under Section 290 for an offense not listed in [section 290.5, subdivision (a)(2)], upon obtaining a certificate of rehabilitation [pursuant to section 4852.01 et seq.], shall be relieved of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation."  (§ 290.5, subd. (a)(1).)  A person required to register under Section 290 for the offenses enumerated in section 290.5, subdivision (a)(2), "shall not be relieved of the duty to register until that person has obtained a full pardon [pursuant to section 4800 et seq. or 4850 et seq.]."  (§ 290.5, subd. (b)(1).)  The statutes setting forth the process to

_____

**2**   This relief is not available for certain enumerated convictions not at issue here. (§ 1203.4a, subd. (d).)

obtain a certificate of rehabilitation include provisions tailored specifically for persons required to register pursuant to section 290. For example, while the rehabilitation period, prior to which a petition for a certificate of rehabilitation cannot be filed, may be shorter for other offenses, the period for most persons subject to the SORA is 10 years. (§ 4852.03, subd. (a)(2).) While for all other offenses a trial court may, in the interests of justice, grant a certificate of rehabilitation before the rehabilitation period has elapsed, as of January 1, 2014, such relief is not allowed in cases requiring registration pursuant to section 290. (§ 4852.22.) Moreover, even if a certificate of rehabilitation has been granted, the district attorney may petition for its rescission if it was granted for any offense specified in section 290. (§ 4852.13, subd. (c).)

As the California Supreme Court has noted, the provisions of section 290.5 and the related provisions governing certificates of rehabilitation and pardons "are consistent with the regulatory purpose to monitor convicted sex offenders, who are generally considered susceptible to recidivism, but to end such special monitoring of those who have demonstrated that their likelihood of reoffense is low." (*Alva, supra,* 33 Cal.4th at p. 265, fn. 4.) These statutes express a legislative determination that the "likelihood of reoffense is low" for convicted sex offenders only when the statutory provisions are satisfied. Thus, it would be inappropriate to read section 1203.4a as providing an additional, far easier method of obtaining relief from sex offender registration.[3]

We also conclude that, by its own terms, section 1203.4a does not apply to appellant's registration requirement. This section " 'does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the

---

[3]  Section 290.007 expressly precludes relief from the sex offender registration requirement for persons whose convictions are dismissed pursuant to section 1203.4. (§ 290.007 [a person required to register shall do so "regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4, unless the person obtains a certificate of rehabilitation and is entitled to relief from registration pursuant to Section 290.5"].) Section 1203.4 provides the same relief as section 1203.4a for probationers who have fulfilled the conditions of probation for the entire term of probation or have been discharged before completion of the term. As appellant notes, section 290.007 refers to section 1203.4, not section 1203.4a.

defendant is "released from all penalties and disabilities resulting from the offense." The limitations on this relief are numerous and substantial . . . .' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230 (*Vasquez*).)[4]  "Our courts have drawn a distinction between penalties imposed on a [defendant] as further punishment for the crime, as to which vacation under . . . section 1203.4 generally affords relief, and nonpenal restrictions adopted for protection of public safety and welfare." (*Ibid.*)  Accordingly, the released penalties and disabilities do not include "licensing of attorneys [citation], physicians [citation], and vendors of alcoholic beverages [citation]; qualification for employment as a peace officer [citation]; and the regulation of participants in parimutuel wagering [citation]." (*Ibid.*; see also *id.* at p. 1233 [holding use of a conviction pursuant to California's Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq.) is not a penalty or disability because such use "seek[s] to protect others from the possibility of the [defendant's] future harmful conduct, rather than to punish him or her for past crimes"].)

Our question thus becomes whether the sex offender registration requirement is "imposed . . . as further punishment for the crime," or whether it is a "nonpenal restriction[] adopted for protection of public safety and welfare." (*Vasquez, supra,* 25 Cal.4th at p. 1230.)  In *Alva*, the California Supreme Court unanimously concluded sex offender registration, "[b]eyond doubt," was not punitive for purposes of the prohibition of cruel and unusual punishment: "[T]he purpose and intent of registration are regulatory, as a means of assisting law enforcement in dealing with the serious problem of recidivist sex offenders.  Moreover, registration is not punitive in effect notwithstanding the legislative intent.  Registration has not historically been viewed as punishment, imposes no direct disability or restraint beyond the inconvenience of compliance, and has a legitimate nonpenal objective.  Though registration may have incidental deterrent or retributive effects, and applies to conduct which is already a crime, these features are not sufficient to outweigh the statute's regulatory nature." (*Alva, supra,* 33 Cal.4th at p. 279,

---

4    Although *Vasquez* considered section 1203.4, we conclude its analysis of the term "penalties and disabilities" applies equally to section 1203.4a. (*Vasquez*, *supra*, 25 Cal.4th at p. 1230.)

fn. omitted.)  In an earlier case, the California Supreme Court similarly concluded sex offender registration was not punitive for purposes of ex post facto analysis.  (*People v. Castellanos* (1999) 21 Cal.4th 785, 796 (*Castellanos*) (lead opn. of George, C.J.); *id.* at p. 800 (dis. & conc. opn. of Kennard, J.).)

*Alva* and *Castellanos* instruct us that the sex offender registration requirement is not "imposed . . . as further punishment for the crime," but rather is a "nonpenal restriction[] adopted for protection of public safety and welfare."  (*Vasquez, supra,* 25 Cal.4th at p. 1230.)  Accordingly, the registration requirement is not a penalty or disability within the meaning of section 1203.4a.  (Cf. *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1113-1115 [internet publication of certain registered sex offenders' names and pictures did not constitute a penalty or disability released by section 1203.4 because the publication "is protective rather than punitive, and imposes no affirmative disability on the offender"].)

Appellant's citation to *Kelly v. Municipal Court* (1958) 160 Cal.App.2d 38 (*Kelly*), does not persuade us otherwise.  In *Kelly*, the Court of Appeal held the sex offender registration requirement was "criminal in character" and constituted a penalty or disability released by section 1203.4.  (*Kelly*, at p. 44.)  However, as discussed above, characterizations of the registration requirement as punitive rather than regulatory have been squarely rejected by *Alva* and *Castellanos*.[5]  Moreover, when *Kelly* was decided, section 290.5 had not been enacted (see Stats. 1961, ch. 1819, § 1, p. 3866), nor did any other statute expressly set forth a means by which the registration requirement could be released.  (*Kelly*, at p. 41 [registration is "a burden which the convicted person carries with him until his dying day"].)  *Kelly* thus reasoned: "It is a fair inference that an offender found deserving of probation is not likely to be in need of further police surveillance if he responds to the confidence reposed in him as a probationer and faithfully fulfills the terms and conditions of his probation," and therefore, in the case of

[5]  *Kelly*'s holding that the setting aside of a conviction pursuant to section 1203.4 will relieve the requirements of section 290 has been overruled by section 290.007.  (See *ante*, fn. 3.)

such a probationer, "the need for further surveillance and registration terminates upon his release pursuant to the sanction of section 1203.4." (*Id.* at p. 45, fn. omitted.) However, the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon. *Kelly* is no longer good law.

We note that two California Supreme Court cases decided prior to *Castellanos* and *Alva* state or suggest in dicta that the sex offender registration requirement is a penalty or disability within the meaning of sections 1203.4 and 1203.4a. Citing *Kelly*, *In re Reed* (1983) 33 Cal.3d 914, 919, states: "A misdemeanant may be released from this 'penalty or disability' [the sex offender registration requirement] pursuant to section 1203.4."[6] However, *Reed*'s characterization of the registration requirement as punitive was considered and rejected by the California Supreme Court in *Alva*. (*Alva, supra,* 33 Cal.4th at pp. 291-292 ["intervening developments . . . render unpersuasive *Reed*'s characterization of sex offender registration as punitive"].) Second, in *In re Birch* (1973) 10 Cal.3d 314, the court noted the sex offender registration requirement "can remain for a lifetime" (*id*. at p. 322), while adding in a footnote that "[a]ny defendant who has obtained an order of court pursuant to . . . sections 1203.4 or 1203.4a, however, is released from any and all penalties and disabilities of his conviction" (*ibid*., fn. 9).[7] *Birch* predated *Reed*, and thus any characterization of the registration requirement as punitive has been implicitly rejected by *Alva*. In any event, the question whether sections 1203.4 and 1203.4a release a defendant from the registration requirement was not at issue in either *Reed* or *Birch*, and opinions are " 'not authority for a proposition not therein considered.' " (*Castellanos, supra,* 21 Cal.4th at p. 799, fn. 9 (lead opn. of George, C.J.).)

---

[6]    In 1983, section 290.1, the predecessor statute to section 290.007 (see fn. 3, *ante*), applied only to felons, not misdemeanants. (Stats. 1981, ch. 105, § 1, p. 794)

[7]    In 1973, section 290.1 had not yet been enacted. (See Stats. 1981, ch. 105, § 1, p. 794.)

In sum, the vacation of appellant's guilty pleas and dismissal of the complaint pursuant to section 1203.4a does not relieve him of the section 290 registration requirement.  He can obtain such relief only by the means set forth in section 290.5.

DISPOSITION

The orders are affirmed.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BRUINIERS, J.

Superior Court of Marin County, No. SC 175202A, Kelly V. Simmons, Judge.

Morgan H. Daly for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Bruce M. Slavin and Ann P. Wathen, Deputy Attorneys General, for Plaintiff and Respondent.