Filed 5/17/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264637 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA020208) |
| v. | |
| JOEL BENJAMIN VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Joel Benjamin Vasquez petitioned to have his 1995 felony conviction designated as a misdemeanor pursuant to Proposition 47. He also asked the court to vacate his resulting 16-month sentence. The court granted Vasquez's petition to redesignate his conviction, but denied his request to vacate the completed sentence.

We affirm. Penal Code section 1170.18[1] allows resentencing only for petitioners currently serving a sentence for a qualifying felony. Because Vasquez was not currently serving the sentence relating to his qualifying conviction, section 1170.18 did not give the trial court jurisdiction to vacate or otherwise change Vasquez's completed sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1995, Vasquez was convicted of one count of petty theft with a prior under section 666, a felony. The details of the crime are not included in the record. Vasquez was sentenced to 16 months in state prison.

On November 4, 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) Proposition 47 also "amended Penal Code section 666, petty theft with prior, and reduced the maximum prison sentence from three years to one year." (*People v. Solis* (2016) 245 Cal.App.4th 1099, 1110.)

In May 2015, twenty years after his conviction, Vasquez petitioned to have his conviction designated as a misdemeanor pursuant to section 1170.18, subdivision (f). Vasquez also submitted a proposed order that was intended to "demonstrate to the immigration court that [Vasquez's] 16-month sentence has been vacated as a result of this application under Proposition 47."

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

At the hearing on the petition, the deputy district attorney agreed that Vasquez's conviction qualified for redesignation, and that Vasquez's criminal history did not disqualify him from redesignation. The court granted the petition, but stated, "There will be no change in sentence since the sentences have already been completed."

Vasquez timely appealed.

## DISCUSSION

Vasquez contends that section 1170.18 required the court to vacate his completed sentence.[2] We review questions of statutory interpretation de novo. (*People v. McGowan* (2015) 242 Cal.App.4th 377, 380.)

Section 1170.18 applies to two different categories of defendants convicted of felonies. Subdivision (a) applies to a "person currently serving a sentence" for specified convictions, including a conviction for a violation of section 666. Those persons "may petition for a recall of sentence" and "request resentencing in accordance" with Proposition 47. (§ 1170.18, subd. (a).) If the petitioner meets the criteria specified in subdivision (a), "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor," unless the court determines that the petitioner presents an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b).)

Subdivision (f) of that statute, on the other hand, applies to a "person who has completed his or her sentence" for specified convictions, including a conviction for a violation of section 666. Vasquez, having completed the sentence for his 1995 conviction, fell into this category. These persons "may file an application . . . to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) If the court finds that the petitioner meets the requirements of subdivision (f), "the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).) Neither subdivision (f) nor (g) includes any references to resentencing.

_____

[2]Vasquez has provided no authority for the proposition that a court may retroactively vacate or change a sentence that already has been completed based on a change in the law, and we have found none. For purposes of this opinion, we will assume that such a procedure is available, although we conclude that such action is not authorized by section 1170.18.

3

Vasquez argues that subdivisions (f) and (g) require a court to "vacate a completed prison sentence once the offense is properly reduced to a misdemeanor under this section and impose a misdemeanor sentence." Once the court determines that a petitioner meets the requirements under subdivision (f), Vasquez argues, "the next step is resentencing, which must reach/relate back to the time the original sentence was imposed, thus permitting the trial court to vacate appellant's prison sentence."

Vasquez points to subdivision (k), which states, "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control" firearms in certain situations. (§ 1170.18, subd. (k).) According to Vasquez, "The plain language of subdivision (k), that 'such resentencing' namely the reduction of an offense to a misdemeanor, shall be 'for all purposes,' means exactly that – all purposes. All purposes includes vacating a felony sentence to avoid or reduce adverse immigration consequences based on a completed felony sentence."

Vasquez asserts that, based on federal law, one "convicted of a crime for which a sentence of one year or longer may be imposed" may be deported. (8 U.S.C. § 1227(a)(2)(A)(i)(II).) Vasquez argues that because the length of the sentence determines the immigration consequences, a felony sentence must be changed retroactively in order for a redesignated offense to be a "misdemeanor for all purposes."

"In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) "We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme." (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) The text of the statute generally provides "the most reliable indicator" of the voters' intended purpose. (*People v. Prunty* (2015) 62 Cal.4th 59, 72.)

Section 1170.18 does not authorize a court to vacate a sentence that already has been served and completed. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence

4

has commenced.  [Citations.]  Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344.)  Section 1170.18 provides a narrow exception to the general common law rule, but the plain language of the exception allows a "felony sentence [to] be recalled and the petitioner resentenced to a misdemeanor" only if the petitioner is "currently serving a sentence" for specified convictions.  (§ 1170.18, subds. (a) & (b).)  Vasquez does not fall within this definition, because he was not currently serving his sentence when he petitioned to reclassify his conviction.

Subdivisions (f) and (g), which apply to Vasquez, say nothing about resentencing.  """"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it."  [Citation.]'  [Citation.]"  (*People v. Hendrix* (1997) 16 Cal.4th 508, 512.)  We find that the statutory language is clear.  "'The expression of some things in a statute necessarily means the exclusion of other things not expressed.'  [Citation.]"  (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105.)  Because resentencing is expressly addressed in subdivisions (a) and (b), it is appropriate to conclude that resentencing was intentionally excluded from subdivisions (f) and (g).  Inserting additional language into a statute violates " 'the cardinal rule of statutory construction that courts must not add provisions to statutes'" because "'a court must not "insert what has been omitted" from a statute.'"  (*People v. Guzman* (2005) 35 Cal.4th 577, 587; see also Code Civ. Proc., § 1858.)  Subdivisions (f) and (g) therefore do not confer jurisdiction upon a trial court to vacate or otherwise alter a sentence that has already been completed.

Subdivision (k) also does not compel the conclusion that Vasquez's sentence should be altered, because that subdivision itself references the two different categories of petitioners.  It states, "Any felony conviction that is recalled and resentenced under subdivision (b) *or* designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes. . . ."  (§ 1170.18, subd. (k), emphasis added.)  "'The plain and ordinary meaning of the word "or" is well established.  When used in a statute, the word "or" indicates an intention to designate separate, disjunctive categories.'

5

[Citation.]" (*Eddie E. v. Superior Court* (2015) 234 Cal.App.4th 319, 327.) Subdivision (k) therefore acknowledges that only convictions under subdivision (b) warrant resentencing.

Vasquez seeks to have his sentence vacated in order to influence an immigration proceeding, the details of which are not in the record. However, we must interpret section 1170.18 according to its plain language. Anticipation about how a federal immigration court might interpret Vasquez's sentence cannot confer jurisdiction on the trial court to change the sentence.

The trial court properly granted the application to designate Vasquez's conviction as a misdemeanor; it was neither required nor permitted by statute to retroactively alter Vasquez's sentence.

## DISPOSITION

The trial court order is affirmed.

## CERTIFIED FOR PUBLICATION

COLLINS, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

6