Filed 2/24/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B269998 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA057009) |
| v. | |
| ERICA LAUREN KHAMVONGSA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Salvatore T. Sirna, Judge. Reversed with directions.

John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————————

Erica Lauren Khamvongsa appeals from the denial of her petition for dismissal of two misdemeanor convictions under Penal Code[1] section 1203.4a.  The case presents the following issue:  May a defendant whose prior felony conviction has been designated as a misdemeanor pursuant to Proposition 47 obtain relief under section 1203.4a despite having served a prison sentence for the prior conviction?  We conclude that the fact that appellant served a prison term for a conviction that has been reclassified as a misdemeanor does not disqualify her from relief under section 1203.4a, subdivision (a).  We therefore reverse the trial court's denial of appellant's petition for dismissal in this case.

## PROCEDURAL BACKGROUND

On September 24, 2002, appellant pleaded no contest to the felony of possession of a controlled substance, a violation of Health and Safety Code section 11377, subdivision (a), and the misdemeanor of being under the influence of a controlled substance in violation of Health and Safety Code section 11550, subdivision (a).  Pursuant to the plea agreement, appellant also admitted a 1998 strike conviction for second degree robbery. Appellant was sentenced in accordance with her plea agreement to 32 months in state prison, consisting of the low term of 16 months, doubled pursuant to Penal Code section 1170.12, subdivisions (a) through (d), plus a concurrent jail term of nine months for the misdemeanor.

---

[1] Undesignated statutory references are to the Penal Code.

On November 23, 2015, the trial court granted appellant's application pursuant to Penal Code section 1170.18, subdivisions (f) through (i) to redesignate her felony conviction under Health and Safety Code section 11377, subdivision (a) as a misdemeanor. Thereafter, on December 2, 2015, appellant petitioned for dismissal of both misdemeanor convictions pursuant to section 1203.4a. The trial court denied the petition on the ground that appellant had served a state prison sentence for the convictions.

## DISCUSSION

1. *Petition to dismiss a prior misdemeanor conviction under section 1203.4a*

"Section 1203.4a[2] requires a trial court to dismiss misdemeanor or infraction convictions in certain circumstances, and has no relevance in cases involving felonies." (*People v. Sanders* (2012) 55 Cal.4th 731, 741.) In order to qualify for relief

---

[2] Section 1203.4a, subdivision (a) provides in relevant part as follows: "(a) Every defendant convicted of a misdemeanor and not granted probation . . . shall, at any time after the lapse of one year from the date of pronouncement of judgment, if he or she has fully complied with and performed the sentence of the court, is not then serving a sentence for any offense and is not under charge of commission of any crime, and has, since the pronouncement of judgment, lived an honest and upright life and has conformed to and obeyed the laws of the land, be permitted by the court to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty; . . . the court shall thereupon dismiss the accusatory pleading against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, [with exceptions not pertinent here]."

under section 1203.4a, subdivision (a), a defendant must have suffered a misdemeanor conviction, not be charged with or convicted of a subsequent crime, and have, since the date of that judgment, lived " 'an honest and upright life.' " (*People v. Hamdon* (2014) 225 Cal.App.4th 1065, 1069.)  Persons falling under several specific exceptions may not obtain dismissal of their prior misdemeanor convictions under section 1203.4a.[3] Having served a prison sentence is not among those exclusions; indeed, section 1203.4a contains no reference whatsoever to the sentence a defendant served for his or her offense.

    2. *Redesignation of a felony conviction under Proposition 47*

    California voters approved Proposition 47 in the General Election on November 4, 2014.  (*People v. Stylz* (2016) 2 Cal.App.5th 530, 533; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  The initiative reduced the penalties for certain drug- and theft-related offenses, and reclassified those felonies as misdemeanors.  (*People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1182.)  Section 1170.18, subdivision (f)[4] permits a person

---

    [3] Section 1203.4a, subdivision (d) identifies specific exclusions from relief under subdivision (a): "[T]his section does not apply to the following:  [¶]  (1) A misdemeanor violation of subdivision (c) of Section 288.  [¶]  (2) Any misdemeanor falling within the provisions of Section 42002.1 of the Vehicle Code.  [¶] (3) Any infraction falling within the provisions of Section 42001 of the Vehicle Code."

    [4] Section 1170.18, subdivision (f) states in full:  "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court

4

who has completed a sentence for a felony that qualifies as a misdemeanor to file an application to have the felony conviction reduced to a misdemeanor. (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1329.)

Proposition 47 explicitly anticipates that redesignation of an offense as a misdemeanor will affect the collateral consequences of a felony conviction. Among other things, suffering a felony conviction may result in the offender losing the right to vote (Elec. Code, § 2101), losing the right to own or possess a firearm (Pen. Code, § 29800, subd. (a)(1)), and, if the offender is convicted of a felony in the future, losing probation as a sentencing option (Pen. Code, § 1203, subd. (e)), and being exposed to sentence enhancements (Pen. Code, § 667.5, subd. (b)). A defendant is also barred from seeking relief under section 1203.4a for a felony conviction. (*People v. Sanders*, *supra*, 55 Cal.4th at p. 741.) To ensure qualified offenders who have had their prior felony convictions redesignated can gain relief from those collateral consequences, Penal Code section 1170.18, subdivision (k) specifies that "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*." (Italics added.)

The "for all purposes" language is broad, and there is no suggestion that it encompasses certain collateral consequences of a felony conviction while excluding others, such as relief under section 1203.4a that would be available if the crime were originally designated as a misdemeanor. On the contrary, section

that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

1170.18, subdivision (k) by its terms applies to all such consequences with the sole exception that redesignation "shall not permit that person to own, possess, or have in his or her custody or control any firearm." (See *Hisel v. County of Los Angeles* (1987) 193 Cal.App.3d 969, 974 [the statement of such a "specific exception[] implies the exclusion of others"].) The plain language of 1170.18, subdivision (k) thus demonstrates the voters' intent to treat a redesignated misdemeanor like any other misdemeanor, except with regard to firearm restrictions. (See *People v. Abdallah* (2016) 246 Cal.App.4th 736, 746 ["Once the trial court recalled Abdallah's 2011 felony sentence and resentenced him to a misdemeanor, section 1170.18, subdivision (k), reclassified that conviction as a misdemeanor 'for all purposes' "].)

3. *A completed prison sentence for an offense redesignated as a misdemeanor does not bar relief under section 1203.4a*

There is no dispute in this case that appellant successfully petitioned for the reclassification of her prior felony conviction to a misdemeanor under section 1170.18, subdivision (g). Based on the unambiguous language of subdivision (k), the court must treat appellant's prior conviction as a misdemeanor for all purposes, including when determining whether she qualifies for relief under section 1203.4a.

Arguing that appellant's prison sentence for her prior felony (now misdemeanor) conviction precludes relief under section 1203.4a, the Attorney General asserts that because the trial court had no authority to vacate the prison sentence appellant already served, "section 1203.4a did not apply." In so arguing, respondent relies on *People v. Vasquez* (2016) 247 Cal.App.4th 513, 519 (*Vasquez*), to contend that "resentencing

6

under subdivision (k) of section 1170.18 applies only to convictions under section 1170.18, subdivision (b), and not to designations under section 1170.18, subdivision (g)." The argument lacks merit.

Given that appellant did not request resentencing under section 1170.18, subdivision (b), or otherwise seek to vacate her previously served sentence, *Vasquez* has no application to this case. In *Vasquez*, the defendant sought to vacate his prison sentence following the successful redesignation of his felony conviction as a misdemeanor in order to avoid the immigration consequences of having served a prison term. (*Vasquez*, *supra*, 247 Cal.App.4th at pp. 518–519.) The court said nothing about the treatment of a reclassified misdemeanor conviction under section 1203.4a, but rather, held that a trial court has no authority to vacate or alter a completed sentence under section 1170.18, subdivisions (f), (g), or (k). Here, neither appellant's application under section 1170.18, subdivision (f) nor her section 1203.4a petition sought any change to the sentence she had already served for the drug possession offense. Hence, *Vasquez* is inapposite.

The Attorney General's reliance on *People v. Mendez* (1991) 234 Cal.App.3d 1773 (*Mendez*) is similarly misplaced. There, the People challenged the superior court's jurisdiction to vacate defendant's robbery conviction and substitute a misdemeanor after defendant had been discharged from the California Youth Authority (CYA). (*Id.* at pp. 1777–1778.) The appellate court reversed the denial of the People's motion to vacate the superior court's orders, declaring, "Neither section 1203.4 nor section 1203.4a applies to persons convicted of felonies and committed to CYA. *Postconviction relief for such persons is regulated by*

7

*Welfare and Institutions Code section 1772*." (*Id.* at p. 1778, italics added.) Contrary to respondent's sweeping characterization of the court's holding, *Mendez* simply has nothing to say about whether a defendant who has served a prison term for an offense that has been redesignated as a misdemeanor is precluded from relief under section 1203.4a solely because of the prison term.[5]

Our conclusion that treatment of the redesignated offense as "a misdemeanor for all purposes" applies to a petition under section 1203.4a finds support in cases arising under section 17, subdivision (b). Under that statute, a "wobbler" (a crime punishable as a felony or a misdemeanor) becomes "a misdemeanor for all purposes" when, among other circumstances, "the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (§ 17, subd. (b)(3).)

The California Supreme Court has interpreted this language to mean that, once a court designates an offense as a

---

[5] The Attorney General also appears to rely on the reference to section 1203.4a in the *Mendez* court's holding regarding the superior court's authority to seal a defendant's records under section 1203.45. (*Mendez*, *supra*, 234 Cal.App.3d at p. 1780.) In this regard as well, *Mendez* does not support respondent's claim that appellant's state prison sentence precludes section 1203.4a relief. Appellant has not sought to have any records sealed in this case, and the *Mendez* court's statement that an adult felon or misdemeanant is not entitled to have records sealed under section 1203.45 has no bearing on a petition for dismissal under 1203.4a.

misdemeanor, "the offense thereafter is deemed a 'misdemeanor for all purposes,' except when the Legislature [or electorate] has specifically directed otherwise." (*People v. Park* (2013) 56 Cal.4th 782, 795.) In *Park*, the trial court enhanced the defendant's sentence by five years because he had suffered a prior serious felony conviction. However, the trial court in the prior case had reduced the felony to a misdemeanor under section 17, subdivision (b) before the defendant committed the second offense. (*Park*, at p. 787.) Our Supreme Court held that "when the court in the prior proceeding properly exercised its discretion by reducing the [felony] conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* . . . and could not be used . . . to enhance defendant's sentence." (*Ibid.*)

The plain language of section 1170.18, subdivisions (f) and (k) compels us to conclude that the trial court erred in denying appellant's petition for dismissal of her misdemeanor conviction on the ground that she had served a prison sentence for the offense. Respondent offers no basis for interpreting the direction to treat an offense as a "misdemeanor for all purposes" in section 1170.18, subdivision (k) differently than the identical charge in section 17, subdivision (b), and we find no reason to do so. (See *People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6 [recognizing "the rule of statutory construction that identical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or analogous subject matter"].)

Once the trial court designated appellant's 2002 felony conviction as a misdemeanor, "section 1170.18, subdivision (k) reclassified that conviction as a misdemeanor 'for all purposes.' " (*People v. Abdallah, supra*, 246 Cal.App.4th at p. 746.) Appellant

thus requested permission to withdraw her plea of guilty, enter a plea of not guilty, and have the court dismiss the action under section 1203.4a as a "defendant convicted of a misdemeanor and not granted probation." Whatever sentence appellant had served for that offense was irrelevant under section 1203.4a, and the trial court erred in denying appellant's petition for dismissal.

## DISPOSITION

The judgment is reversed, and the matter remanded to the trial court for further proceedings consistent with the views stated herein.

CERTIFIED FOR PUBLICATION.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.