In the

# United States Court of Appeals

### For the Seventh Circuit

No. 18-2165

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

VICKIE L. SANDERS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 17-cr-40043 — **J. Phil Gilbert**, *Judge.*

ARGUED NOVEMBER 8, 2018 — DECIDED DECEMBER 3, 2018

Before FLAUM, MANION, and ST. EVE, *Circuit Judges.*

FLAUM, *Circuit Judge.* Vickie Sanders pleaded guilty to a
federal drug offense. About twenty years earlier, she was con-
victed of a felony drug offense in California, and therefore,
the government sought to impose a ten-year mandatory min-
imum term of imprisonment pursuant to a recidivist enhance-
ment provision, 21 U.S.C. § 841(b)(1)(B). After her guilty plea,
but before sentencing, a California state court reclassified
Sanders's state drug offense as a misdemeanor pursuant to

Proposition 47, Cal. Penal Code § 1170.18. Nevertheless, the district court still imposed the ten-year mandatory minimum. We affirm.

## I. Background

On July 12, 2017, the government charged Vickie Sanders with conspiracy to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 2); and possession of pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (Counts 3, 4, 5, and 6).

Over twenty years earlier, in 1996, a California state court convicted Sanders of felony possession of a controlled substance in violation of Cal. Health & Safety Code § 11350(a). That conviction became final in 1998. On September 20, 2017, the government filed an information to establish that Sanders had been previously convicted of a felony drug offense in California. A prior state felony conviction triggers the § 841(b)(1)(B) recidivist enhancement, which raised the mandatory minimum term of imprisonment on Count 1 from five to ten years. On October 6, 2017, Sanders pleaded guilty to all charges and indicated she understood her prior drug conviction impacted the applicable sentencing range. On December 7, 2017, the probation office prepared a Presentence Investigation Report. It determined that Sanders's advisory Guidelines range was 87–108 months' imprisonment for Counts 2, 3, 4, 5, and 6. For Count 1, due to the ten-year statutory minimum, the Guidelines term of imprisonment was 120 months.

On January 11, 2018, Sanders filed a motion to continue her sentencing hearing. Eleven days later, a California state court reclassified her 1996 felony drug conviction as a misdemeanor pursuant to California Proposition 47, Cal. Penal Code § 1170.18. Then, on February 8, Sanders objected to the § 841(b)(1)(B) enhancement for a prior felony drug conviction, emphasizing her prior state conviction was no longer a felony. On April 27, the district court overruled Sanders's objection.

On May 9, the district court sentenced Sanders to concurrent sentences of 120 months' imprisonment on Count 1 and 87 months' imprisonment on Counts 2 through 6. It imposed an eight-year term of supervised release on Count 1, a six-year term of supervised release on Count 2, and a three-year term of supervised release on Counts 3 through 6, all to run concurrently. The court also imposed a $300 fine and $600 special assessment. This appeal followed.

## II. Discussion

Sanders argues that because a California court reclassified her prior conviction as a misdemeanor, the district court improperly imposed a ten-year mandatory minimum prison term under § 841(b)(1)(B), or alternatively, did so in violation of the Constitution. We review questions of statutory interpretation and constitutionality de novo. *Arreola-Castillo v. United States*, 889 F.3d 378, 384 (7th Cir. 2018); *United States v. Morris*, 821 F.3d 877, 879 (7th Cir. 2016).

### A. Statutory Framework

#### 1. 21 U.S.C. § 841(b)(1)(B)

"Section 841(b) outlines the penalties for federal drug crimes based upon the quantity of drugs involved and the number of prior drug convictions." *Arreola-Castillo*, 889 F.3d

at 384. Relevant here, "[i]f any person commits [a federal drug offense] after a prior conviction for a felony drug offense has become final," that individual faces a mandatory minimum of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(B).

"To impose a recidivism penalty under § 841, the government must follow the procedures in 21 U.S.C. § 851." *Arreola-Castillo*, 889 F.3d at 384. First, the government "must file an information with the sentencing court stating the previous convictions to be relied upon." *Id.* (citing 21 U.S.C. § 851(a)). Then, the defendant can file a written response either to deny the allegation of the prior conviction or to assert that the alleged conviction is invalid. *Id.* (citing 21 U.S.C. § 851(c)). If the defendant files a response, the court holds a hearing, the parties present evidence, and the court makes findings of fact and conclusions of law. *Id.* at 384–85.

### 2. *California Proposition 47, Cal. Penal Code § 1170.18*

In November 2014, California passed Proposition 47, the Safe Neighborhood and Schools Act. *See* Cal. Penal Code § 1170.18. Among other things, Proposition 47 reduces certain convictions for possession of a controlled substance from a felony to a misdemeanor. It also permits an individual "who has completed his or her sentence for a conviction … of a felony or felonies who would have been guilty of a misdemeanor under [the] act had [the] act been in effect at the time of the offense" to "file an application before the trial court that entered the judgment or conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." *Id.* § 1170.18(d).

"Proposition 47 explicitly anticipates that redesignation of an offense as a misdemeanor will affect the collateral

consequences of a felony conviction." *People v. Khamvongsa*, 214 Cal. Rptr. 3d 623, 625 (Ct. App. 2017). Thus, "[t]o ensure qualified offenders who have had their prior felony convictions redesignated can gain relief from … collateral consequences," *id.* at 626, Proposition 47 specifies that if a felony conviction is "recalled" or "designated as a misdemeanor," it "shall be considered a misdemeanor for all purposes" other than gun possession. Cal. Penal Code § 1170.18(k). "The 'for all purposes' language is broad, and there is no suggestion that it encompasses certain collateral consequences of a felony conviction while excluding others." *Khamvongsa*, 214 Cal. Rptr. 3d at 626. Indeed, one of the "chief" reasons for reclassifying a felony as a misdemeanor "is that under such circumstances the offense is not considered to be serious enough to entitle the court to resort to it as a prior conviction of a felony for the purposes of increasing the penalty for a subsequent crime." *People v. Abdallah*, 201 Cal. Rptr. 3d 198, 206 (Ct. App. 2016) (quoting *People v. Park*, 299 P.3d 1263, 1270 (Cal. 2013)). At the same time, Proposition 47 is not intended to "diminish or abrogate the finality of judgments in any case not falling within the purview of" the statute. Cal. Penal Code § 1170.18(n).

## B. Application of the § 841(b)(1)(B) Enhancement

Sanders argues that because a California court reclassified her 1996 felony conviction as a misdemeanor, she is not eligible for a sentence enhancement under § 841(b)(1)(B), as she no longer has a "prior conviction for a felony drug offense." The government disagrees, emphasizing the language of the provision itself. It points out that regardless of the California court's decision, Sanders "committed her federal drug-

trafficking offense 'after a prior conviction for a felony drug offense.'" (quoting 21 U.S.C. § 841(b)(1)(B)).

We join the Third and Ninth Circuits in holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to § 841's recidivist enhancement even if that prior offense was reclassified as a misdemeanor pursuant to Proposition 47. *See United States v. London*, No. 15-1206, slip op. at 9 (3d Cir. Aug. 31, 2018) (unpublished) ("Because the subsequent reclassification of [the defendant's] California conviction had no bearing on that conviction's underlying lawfulness, he remains eligible for the sentence enhancement he received under [§ 841]."); *United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016) ("California's Proposition 47, offering post-conviction relief by reclassifying certain past felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of § 841."), *cert. denied sub nom.*, *Vasquez v. United States*, 137 S. Ct. 840 (2017).

To determine whether a defendant has a prior state conviction for purposes of applying a federal recidivism enhancement provision, we look to federal law. *See Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983) ("Whether one has been 'convicted' within the language of the gun control statutes is necessarily … a question of federal not state law, despite the fact that the predicate offense and its punishment are defined by the law of the State."). This rule "makes for desirable national uniformity unaffected by varying state laws, procedures, and definitions of 'conviction.'" *Id.* at 112. Indeed, we have recognized this principle in the context of § 841(b). *See United States v. Lopez*, 907 F.3d 537, 546 (7th Cir. 2018) ("Federal law, not state law, defines 'conviction' for

purposes of the enhancement."); *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003); *United States v. Gomez*, 24 F.3d 924, 930 (7th Cir. 1994).

As always, "we must 'begin[] with the plain language of the statue.'" *Arreola-Castillo*, 889 F.3d at 385 (alteration in original) (quoting *United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008)). Section 841(b) states that a defendant is subject to a ten-year minimum term of imprisonment if she commits a federal drug offense "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B). In this way, the statute calls for a "'backward-looking' inquiry." *Diaz*, 838 F.3d at 973 (quoting *McNeill v. United States*, 563 U.S. 816, 820 (2011)). It "tells us what event triggers the enhancement": a state felony drug conviction that is final. *Id.* We consider only "'whether the defendant was previously convicted, not the particulars of how state law later might have' permitted relief from the defendant's state conviction." *Id.* at 974 (quoting *United States v. Dyke*, 718 F.3d 1282, 1293 (10th Cir. 2013) (Gorsuch, J.), *cert. denied*, 571 U.S. 939 (2013)).

Here, there is no dispute that Sanders both committed a federal drug offense and was convicted of a prior felony drug offense in California that had become final. California's later decision to reclassify the felony as a misdemeanor "'does not alter the historical fact of the [prior state] conviction' becoming final—which is what § 841 requires." *Id.* (alteration in original) (quoting *Dyke*, 718 F.3d at 1292); *see also id.* at 972 ("Although the [state's] statute [can] determine the status of the conviction for purposes of state law, it [can]not rewrite history for the purposes of the administration of the federal criminal law or the interpretation of federal criminal

statutes." (alterations in original) (quoting *United States v. Bergeman*, 592 F.2d 533, 536 (9th Cir. 1979))).

While we have not addressed whether a state felony reclassified as a misdemeanor can be used to enhance a federal drug sentence, we have held a discharged drug conviction is considered a predicate "conviction" for purposes of applying the § 841(b) enhancement. *See Lopez*, 907 F.3d at 546–47 (holding a prior conviction is a predicate for purposes of § 841(b) even though the defendant's probation was discharged before he received his federal offense); *Graham*, 315 F.3d at 783 ("[T]he fact that [the defendant] received probation that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B)."); *Gomez*, 24 F.3d at 930 ("Nothing in § 841(b)(1)(B) … suggest[s] that a defendant who has plainly been 'convicted' … obtains the benefit of a state's effort to wipe the slate clean retroactively."). Other circuits have also "counted prior felony drug convictions even where those convictions had been set aside, expunged, or otherwise removed from a defendant's record." *United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008) (per curiam) (citing cases).

Of course, if it desired, Congress could "give retroactive effect to changes in state law for purposes of federal statutes." *Diaz*, 838 F.3d at 974. Indeed, it "clearly knows … how to ensure that expunged convictions are disregarded in later judicial proceedings." *Dyke*, 718 F.3d at 1292; *see, e.g.*, 18 U.S.C. § 921(a)(20) ("Any conviction which has been expunged, or set aside … shall not be considered a conviction for purposes of this chapter."). But Congress made no similar effort with respect to § 841. *See Gomez*, 24 F.3d at 930 ("Section 841(b)(1)(B) lacks any provision comparable to the last

sentence of § 921(a)(20), and it would be inappropriate to treat these substantially different statutes as if they had the same meaning.").

This makes sense. A primary purpose of § 841 "is to discourage repeat offenders." *Diaz*, 838 F.3d at 974. Thus, "[i]f a state provides relief for a prior state drug conviction, after the defendant has committed another, federal, drug crime, 'it's unclear why a [federal] statute aimed at punishing recidivism … would afford the defendant' relief in his federal sentence." *Id.* (second alteration in original) (quoting *Dyke*, 718 F.3d at 1293); *see also London*, slip op. at 9 ("That purpose would not be served by affording a defendant relief from his federal sentence whenever a state provides him procedural relief related to a previous state conviction after he has already committed another federal drug offense."). Additionally, "[i]gnoring later state actions for purposes of federal sentences … aligns with the Supreme Court's repeated admonishments that federal laws should be construed to achieve national uniformity." *Diaz*, 838 F.3d at 974 (citing *Dickerson*, 460 U.S. at 112). "If state post-conviction procedures always impacted eligibility under § 841, the federal sentence enhancement would apply in an unfair, 'patchwork' manner." *London*, slip op. at 9 (quoting *Diaz*, 838 F.3d at 974). It is unlikely Congress intended such a result.

Sanders argues an "absurdity results if courts fail to recognize changes made retroactive by the state: The length of a defendant's sentence would depend on the date on which an unrelated state crime was committed." She contends "[t]here is no principled reason why two defendants with identical criminal histories, who violated § 841(b)(1)(B) on the same day, should receive dramatically different federal sentences

solely because one's prior conviction occurred before, and the other's occurred after, the state legislature decreased the punishment." We disagree that such a result is absurd. While "[s]uch a regime may at first glance seem harsh, … there is good reason behind it." *London*, slip op. at 8. The recidivist enhancement applies because Sanders had already been convicted of a felony drug offense, not because of the underlying conduct. In any event, the language of § 841(b)(1)(B) is clear: the ten-year mandatory minimum applies if the defendant commits the federal drug offense "after a prior conviction for a felony drug offense has become final." In short, when Sanders committed the federal drug offense, her 1996 California drug conviction was a felony and it was final.

Despite the clear text and the Third and Ninth Circuit's opinions, Sanders maintains "Supreme Court precedent indicates that a federal recidivist sentence cannot rely on a state conviction retroactively reduced by state law." Not so. True, "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is *vacated*." *Johnson v. United States*, 544 U.S. 295, 303 (2005) (emphasis added). This is not controversial. When a state court "vacates" a prior conviction, it, in effect, nullifies that conviction; it is as if that conviction no longer exists. *See Arreola-Castillo*, 889 F.3d at 385–86. For that reason, courts recognize an "obvious exception to the literal language" of federal recidivist statutes imposing enhanced penalties due to prior convictions where the "predicate conviction ha[s] been vacated or reversed on direct appeal." *Dickerson*, 460 U.S. at 115; *cf. Diaz*, 838 F.3d at 973 ("We noted one exception: where the dismissal or expungement alters the legality of the original state conviction—such as where there was a trial error or it appears the defendant was actually innocent of the underlying crime.").

Proposition 47, however, does not "vacate" prior felony convictions; it *reclassifies* them as misdemeanors. Thus, *Johnson* is not helpful to Sanders's argument.[1]

Additionally, Sanders points to the Court's opinion in *McNeill*. There, the defendant argued that because North Carolina changed its drug laws, his prior state drug convictions should not qualify as "serious drug offenses" for purposes of the Armed Career Criminal Act ("ACCA") sentencing enhancement.[2] *McNeill*, 563 U.S. at 818. The Court disagreed; it held that the ACCA "requires the court to determine whether a 'previous conviction' was a serious drug offense," and "[t]he only way to answer this backward-looking question is to

---

[1] For the same reason, Sanders's reliance on *Arreola-Castillo* is misplaced. In *Arreola-Castillo*, the defendant received a mandatory life sentence for a federal drug offense because he had two prior felony drug convictions. 889 F.3d at 381. Subsequent to his federal conviction, the New Mexico state court vacated the underlying state felony drug convictions. *Id*. At issue was whether 21 U.S.C. § 851(e), "which prohibits an individual from challenging the validity of a prior conviction that is more than five years old at the time the government seeks the recidivism enhancement," time-barred his challenge. *Id.* We held there was no statute-of-limitations concern because the defendant was "not challenging the validity of his prior convictions, but rather their very existence." *Id.* Unlike in *Arreola-Castillo*, however, Sanders's prior felony conviction was not vacated; rather, it was simply reclassified as a misdemeanor.

[2] Under the ACCA, a defendant who violates § 922(g) receives an enhanced sentence if he "has three prior convictions … for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A "serious drug offense" must have "a maximum term of imprisonment of ten years or more." *Id.* § 924(e)(2)(A)(ii). In *McNeill*, one of the defendant's prior drug offenses carried a ten-year maximum sentence at the time of the state conviction but a less than ten-year maximum sentence at the time of the defendant's federal sentencing. 563 U.S. at 818.

consult the law that applied at the time of that conviction." *Id.* at 820. In a footnote, the Court expressly declined to consider the "situation in which a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense." *Id.* at 825 n.1.

Sanders suggests that *McNeill* indicates the Court believes the recidivist enhancement should not apply here, where California retroactively reclassified her state drug conviction from a felony to a misdemeanor. This is not the case; the Court did not comment one way or the other. Sanders points to the Eleventh Circuit's opinion in *Cortes-Morales v. Hastings*, 827 F.3d 1009 (11th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 2186 (2017). There, a defendant who received an enhanced sentence under the ACCA based on prior New York drug convictions sought resentencing on the grounds that he no longer qualified for an ACCA enhancement due to New York's 2004 and 2009 Drug Law Reform Acts ("DLRAs").[3] *Id.* at 1011. The Eleventh Circuit, citing the *McNeill* footnote, reasoned that the defendant could "succeed on the merits of his claim only if the New York sentencing reductions apply retroactively." *Id.* at 1013–14. However, that statement was mere dicta

---

[3] New York passed the DLRAs to "reform the sentencing structure of New York's drug laws to reduce prison terms for non-violent drug offenders, provide retroactive sentencing relief, and make related drug law sentencing improvements." *Rivera v. United States*, 716 F.3d 685, 688 (2d Cir. 2013) (citation omitted). The DLRAs reduce maximum sentences for some nonviolent drug offenders and allow resentencing for individuals who were convicted of certain drug offenses. *Id.* Notably, however, resentencing is only an option while an individual is "in the custody of the department of corrections." N.Y. Crim. Proc. Law § 440.46(1).

because the DLRAs were "not retroactive as to [the defend-ant]." *Id.* at 1015.[4]

In sum, we agree with the Third and Ninths Circuits that for purposes of applying the § 841(b) recidivist enhancement, it is immaterial whether a defendant's state felony conviction was reclassified as a misdemeanor after she committed a federal drug offense. The text of § 841(b)(1)(B) is unambiguous: Sanders committed a federal drug offense "after a prior conviction for a felony drug offense ha[d] become final." 21 U.S.C. § 841(b)(1)(B).

**C. Constitutional Concerns**

Sanders argues applying the § 841(b)(1)(B) enhancement under these circumstances is contrary to the Fifth Amendment's Due Process and Equal Protection Clauses and the Tenth Amendment's federalism principles. We disagree.

*1. Due Process Clause*

"[A] criminal defendant has the due process right to be sentenced on the basis of accurate information." *Ben-Yisrayl v.*

---

[4] Sanders also cites to several unpublished opinions from the District Court for the Southern District of New York. On three occasions, that court held that in order to determine whether to apply an ACCA enhancement, it should not consider the maximum term of imprisonment at the date of the prior state drug conviction, but rather the maximum term of imprisonment at the time of the federal sentencing based on the DLRAs. *See Saxon v. United States*, No. 12 CR 320, 2016 WL 3766388 (S.D.N.Y. July 8, 2016); *United States v. Calix*, No. 13 CR 582, 2014 WL 2084098 (S.D.N.Y. May 13, 2014); *United States v. Jackson*, No. 13 CR 142, 2013 WL 4744828 (S.D.N.Y. Sept. 4, 2013). These cases are incorrectly decided; the New York drug reform laws "are non-retroactive—and therefore governed by *McNeill*." *Rivera*, 716 F.3d at 689; *see also Cortes-Morales*, 827 F.3d at 1015 (declining to follow *Calix* and *Jackson*).

*Buss*, 540 F.3d 542, 554 (7th Cir. 2008); *see Townsend v. Burke*, 334 U.S. 736, 740–41 (1948) (holding that a sentence based on "assumptions concerning [a defendant's] criminal record which were materially untrue … is inconsistent with due process of law"). Here, however, Sanders was sentenced based on accurate information; she received an enhanced sentence because at the time she committed the federal offense, she had a "prior conviction for a felony drug offense" that was "final." *See* 21 U.S.C. § 841(b)(1)(B).

Sanders relies on *Hicks v. Oklahoma*, 447 U.S. 343 (1980). There, a defendant faced a jury trial for a state drug offense. *Id.* at 344. Since the defendant was convicted of two felonies in the prior ten years, the jury was instructed in accordance with Oklahoma's habitual offender statute that if it found the defendant guilty, it was required to impose a forty-year prison sentence. *Id.* at 344–45. The Oklahoma courts acknowledged that the habitual offender statute was unconstitutional, but nevertheless upheld a forty-year prison term because the sentence was within the range of punishment that could have been imposed. *Id.* at 345. The Supreme Court reversed. It noted that in Oklahoma, "a convicted defendant is entitled to have his punishment fixed by the jury," and there was a "substantial" possibility the jury would have returned a sentence of less than forty years if correctly instructed. *Id.* at 345–46. By affirming a sentence imposed by a jury pursuant to an unconstitutional statute, Oklahoma "deprived the [defendant] of his liberty without due process of law." *Id.* at 347.

The present case is distinct from *Hicks* for an obvious reason: unlike the habitual offender statute, § 841(b)(1)(B) is not unconstitutional. To be sure, the impact of prior convictions on a defendant's federal sentence due to the § 841(b)

enhancements is significant. *United States v. Arreola-Castillo*, 539 F.3d 700, 703 (7th Cir. 2008). Nevertheless, recidivist provisions like § 841(b) comply with the Due Process Clause so long as the "defendant receive[s] reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. Belanger*, 970 F.2d 416, 418 (7th Cir. 1992) (noting that § 851 "was enacted to fulfill this due process requirement"), *overruled on other grounds by United States v. Ceballos*, 302 F.3d 679 (7th Cir. 2002).

### 2. *Equal Protection Clause*

"Equal protection of the laws means that all persons similarly situated should be treated alike." *United States v. Nagel*, 559 F.3d 756, 760 (7th Cir. 2009). Sanders's equal-protection claim does not involve a suspect classification, and therefore, we use rational-basis review. *See United States v. Speed*, 656 F.3d 714, 720 (7th Cir. 2011). Under rational-basis review, Sanders "must show that there is no 'rational relationship between the disparity of treatment and *some* legitimate governmental purpose.'" *Id.* (quoting *Nagel*, 559 F.3d at 760).

Sanders contends applying § 841(b)(1)(B) to individuals like Sanders "creates two classes—those convicted of their predicate crime before California passed Proposition 47 and those convicted of their predicate crime after California passed Proposition 47." She asserts that such a distinction is "related only to the dates on which the two individuals committed their predicate offenses" and is "wholly unrelated to the date or nature of the current federal crime or the nature of the prior conviction." According to Sanders, such a result is "irrational and unrelated to any legitimate government interest." This argument is not persuasive.

In *Speed*, we rejected an equal protection challenge similar to Sanders's challenge. The defendant argued he was denied equal protection under the Fair Sentencing Act ("FSA") because "refusing to apply the FSA to defendants sentenced shortly before the passage of the FSA results in radically different sentences between them and those who are entitled to have the FSA apply to them." *Id.* We held that "the disparate treatment to which [the defendant] points is plainly rational, as 'discrepancies among persons who committed similar crimes are inescapable whenever Congress raises or lowers the penalties for an offense.'" *Id.* (quoting *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011)). We recognized that whenever a sentencing statute is amended, "[s]omeone, in the end, will always be left behind to live with the earlier, harsher penalty." *Id.* And we concluded that "[w]hatever arbitrariness there may be is therefore unavoidable." *Id.* The same reasoning applies here. Sanders's equal protection claim is unavailing.

### 3. Tenth Amendment & Federalism

Pursuant to the Tenth Amendment, an individual "can assert injury from governmental action taken in excess of the authority that federalism defines." *Bond v. United States*, 564 U.S. 211, 220 (2011); *see also id.* at 223–24 ("[A] litigant, in a proper case, [may] challenge a law as enacted in contravention of constitutional principles of federalism.").

Sanders asserts that by passing Proposition 47, California expressed its view that certain nonviolent drug offenses are misdemeanors "for all purposes." Cal. Penal Code § 1170.18(k). She suggests treating her prior drug conviction as a felony for purposes of the federal recidivism enhancement "infringes on the states' ability to determine the nature

and consequences of state crimes and is contrary to federalism principles set forth in the Tenth Amendment." We disagree. There is no question Congress had constitutional authority, pursuant to the Commerce Clause, to enact § 841. *See United States v. Westbrook*, 125 F.3d 996, 1009–10 (7th Cir. 1997). Moreover, Sanders "does not credibly identify any individual right embodied in the Constitution or in a federal statute that allows [her] to challenge [her] sentence based on vague notions about the 'principles of federalism.'" *Ramos v. United States*, 321 F. Supp. 3d 661, 668–69 (E.D. Va. 2018) (holding that "federal courts are not required to incorporate California's retroactive re-determinations about the seriousness of specific criminal conduct and the related reclassifications of previous offenses when applying the federal sentencing enhancement"). Put simply, as discussed above, federal law, and not state law, "dictate[s] the meaning of a federal statute." *Dyke*, 718 F.3d at 1292.

## III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.