Filed 10/8/24  P. v. Kishor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C100492 |
| v. | (Super. Ct. No. 98F01523) |
| CHANDRA KISHOR, | |
| Defendant and Appellant. | |

In 1998, defendant Chandra Kishor sent three people to his estranged wife's home to rob and murder her.  The three were to keep the proceeds of the robbery as payment for the murder.  In addition to robbing the victim, they assaulted her, tried to drown her, smothered her with a bleach-soaked rag, tried to set her on fire, and stabbed her twice in the back.  The victim survived.

Defendant pleaded no contest to attempted murder and robbery.  The trial court sentenced him to state prison for an indeterminate term of life with the possibility of parole consecutive to a determinate term of four years.  Defendant's judgment became final in June 2001, after this court affirmed the judgment in an unpublished opinion, *People v. Kishor* (Jan. 9, 2001, C034740).

1

In January 2024, defendant filed a motion in the trial court alleging his conviction was obtained in violation of Penal Code section 745, the California Racial Justice Act of 2020 (the Racial Justice Act).[1]  The trial court dismissed the motion, concluding it did not have jurisdiction to entertain such a motion after defendant's case was final.  The trial court did, however, grant a separate motion to vacate certain fees under newly enacted Government Code section 6111, but denied defendant's request for a hearing to determine his ability to pay the remaining fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), concluding *Dueñas* did not apply retroactively to final cases.

Defendant now contends the trial court erred in (1) dismissing his motion for relief under the Racial Justice Act, and (2) denying his request for an ability-to-pay hearing.  Because the challenged orders are nonappealable, we will dismiss his appeal.

DISCUSSION

I

Defendant contends the trial court erred in dismissing his motion for relief under the Racial Justice Act.  The People counter that the trial court lacked jurisdiction to entertain the motion because defendant's judgment became final in June 2001.  We agree with the People.

Regarding the retroactivity of the Racial Justice Act, and as relevant to this case, section 745, subdivision (j)(3) states that after January 1, 2024, the section applies to all cases in which the defendant is serving a prison sentence and files a petition for writ of habeas corpus.  Here, defendant did not file a habeas corpus petition.

Defendant sought to have his final convictions and sentence vacated and declared legally invalid.  The "general rule is that 'once a judgment is rendered and execution of

---

[1] Undesignated statutory references are to the Penal Code.

2

the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.]" (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) In other words, "[w]here the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant." (*People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*); see *People v. Vasquez* (2016) 247 Cal.App.4th 513, 518-519.)

"There are important exceptions to this rule. Section 1170.03, subdivision (a) gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. [Citation.] The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. [Citations.] If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time.[2] [Citation.] And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*King, supra*, 77 Cal.App.5th at p. 637.)

Here, the trial court concluded it lacked jurisdiction to entertain defendant's motion, and that defendant would be required to seek the requested relief by filing a petition for writ of habeas corpus. Defendant argues this was error because section 745 allows a defendant to seek relief by filing a motion. Not so. Although section 745,

---

**2** There is disagreement in the case law as to whether an unauthorized sentence may also be corrected by the trial court at any time, even after the judgment is final and the trial court has otherwise lost jurisdiction over the defendant. (See *King, supra*, 77 Cal.App.5th at p. 637 ["unauthorized sentence doctrine . . . does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence"]; *People v. Boyd* (2024) 103 Cal.App.5th 56, 65-69 [same]; cf. *People v. Codinha* (2023) 92 Cal.App.5th 976, 992-993 [disagreeing with *King*].) Defendant does not specifically argue that he is serving an unauthorized sentence now that section 745 has taken effect. Any such argument is therefore forfeited.

subdivision (b) does state that "[a] defendant may file a motion pursuant to this section," defendant's argument takes the language out of context. The full sentence reads: "A defendant may file a motion pursuant to this section, *or a petition for writ of habeas corpus* or a motion under Section 1473.7, *in a court of competent jurisdiction*, alleging a violation of subdivision (a)." (§ 745, subd. (b), italics added.) Thus, section 745 provides three different methods for obtaining relief, i.e., a motion under section 745, a petition for writ of habeas corpus, and a motion under section 1473.7,[3] and reaffirms that for any such method to be effective, the court must have jurisdiction.

Subdivision (b) continues: "For claims based on the trial record, a defendant may raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence. The defendant may also move to stay the appeal and request remand to the superior court to file a motion pursuant to this section." (§ 745, subd. (b).) The only reason a defendant would need to stay the appeal and request remand in order to file a motion under section 745 is that the trial court would otherwise lack jurisdiction to entertain such a motion while the appeal was pending. (See *People v. Cress* (2023) 87 Cal.App.5th 421, 424-425.) This again confirms the Legislature's understanding that in order for a motion under section 745 to be considered, the trial court would need jurisdiction to consider it.

And, as mentioned above, section 745, subdivision (j)(3) also states that an incarcerated defendant with a final judgment can obtain jurisdiction over a Racial Justice Act claim by filing a habeas petition. To sum up, the statute provides that a defendant may obtain relief (1) before a judgment is entered, by filing a motion in the trial court

---

[3] Section 1473.7 allows a person who is no longer in criminal custody to file a motion to vacate a conviction or sentence. (§ 1473.7, subd. (a).) Although defendant's motion under section 745 checked a box indicating it was also made under section 1473.7, the record indicates defendant remained in criminal custody at the time his motion was dismissed by the trial court.

4

under section 745; (2) after a judgment is entered and while a direct appeal is pending, by seeking relief from the appellate court or by obtaining a stay of the appeal and filing a motion in the trial court; or (3) after a judgment is final, by filing a petition for writ of habeas corpus.

Viewing the relevant statutory language in context, as we must, we conclude it does not create an exception to the general rule that "[w]here the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant." (*Karaman, supra*, 4 Cal.4th at p. 344.) Because the trial court lacked jurisdiction to rule on defendant's motion to vacate his convictions and sentence under section 745, the order dismissing the motion is not appealable because it "could not have affected his substantial rights." (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see *King, supra*, 77 Cal.App.5th at p. 634; § 1237, subd. (b).)

## II

Defendant also claims the trial court, while properly vacating certain fees under Government Code section 6111, nevertheless erred in denying his request for an ability-to-pay hearing under *Dueñas, supra*, 30 Cal.App.5th 1157. The People respond that the trial court could not apply *Dueñas* retroactively to defendant's final judgment and, therefore, the challenged order is not appealable because it also does not affect his substantial rights. We again agree with the People.

The trial court denied defendant's request for an ability-to-pay hearing because "no appellate court has applied *Dueñas* retroactively to final cases." Defendant does not dispute that particular trial court conclusion, and we have found no appellate decision applying *Dueñas* retroactively to a final judgment.

Rather, in *People v. Jinkins* (2020) 58 Cal.App.5th 707, the appellate court dismissed an appeal where the defendant filed a motion under *Dueñas* after execution of his sentence had begun. The court explained that such a motion did not fall within any exception to the general rule that once a judgment is rendered and execution of the

5

sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. (*Id*. at p. 713.) Here, although the trial court possessed jurisdiction to vacate the jail booking and classification fees under Government Code section 6111, that section does not authorize a claim under *Dueñas*. Because defendant is not entitled to retroactive application of *Dueñas* to his final judgment, the order denying his request for an ability-to-pay hearing is not appealable because it could not have affected defendant's substantial rights.

DISPOSITION

The appeal is dismissed.


/S/
MAURO, Acting P. J.


We concur:


/S/
KRAUSE, J.


/S/
MESIWALA, J.


6